The PEOPLE of the State of Colorado, Complainant,

v.

Clinton B. STEWART, Attorney-Respondent.

No. 87SA364.

Supreme Court of Colorado, En Banc.

Dec. 14, 1987.

Linda Donnelly, Disciplinary Pros., Denver, for complainant.

Clinton B. Stewart, pro se.

QUINN, Chief Justice.

In this grievance proceeding, the respondent, Clinton B. Stewart, was charged in four counts with professional misconduct. The Disciplinary Prosecutor and the respondent entered into a stipulation of facts. A hearing board of the Grievance Committee conducted a hearing, made findings of fact based on the stipulation, and recommended that the respondent be disbarred. A hearing panel of the Grievance Committee approved the findings and recommendation of the hearing board. We now adopt the findings of the Grievance Committee and enter an order of disbarment.

The respondent was admitted to practice law in Colorado in 1954, and was indefinitely suspended in 1972 for making no effort to perform services on behalf of a client who had paid the respondent to perform those services. *People v. Stewart*, 178 Colo. 352, 497 P.2d 1003 (1972). The respondent was reinstated to the practice of law on January 14, 1982, and is subject to the jurisdiction of this court and its Grievance Committee.

■ The facts set forth in the stipulation detailed four separate counts of professional misconduct. The first count related to the respondent's representation of the personal representative of the estate of James Samuel Oakes, decedent, a probate action (Case No. 82PR69) filed in the District Court of Delta County. The respondent failed to timely file federal and state estate tax returns on behalf of the estate, and the Internal Revenue Service assessed a penalty and interest against the estate in the amount of $18,745, and the State of Colorado assessed a penalty in the amount of $1,946. The estate paid the penalties and interest, but the respondent to date has not reimbursed the estate. The hearing board found that the respondent's conduct violated the following Disciplinary Rules of the Code of Professional Responsibility: DR 1–102(A)(1) (violation of a Disciplinary Rule); DR 6–101(A)(2) (handling a legal matter without adequate preparation); DR 6–101(A)(3) (neglect of a legal matter); DR 7–101(A)(1) (intentional failure to seek lawful objectives of client through reasonable means permitted by law); and DR 7–101(A)(3) (conduct prejudicial or damaging to client during the course of professional relationship).

■ Count II arose out of respondent's representation of Season's Four Investment Corporation, a defendant in a civil case entitled *First State Bank of Hotchkiss v. Season's Four Investment Corporation* (Case No. 83CV192), filed in the District Court of Delta County. The respondent failed to timely file a brief on behalf of his client and was unprepared to argue legal issues raised in the case at a hearing scheduled on November 16, 1984. The trial court accordingly ordered the respondent to pay the plaintiff's attorney fees in the amount of $384 and gave the respondent's client the option of having its legal defenses stricken or paying into the registry of court the sum of $2,000 to compensate the plaintiff for interest lost as the result of the delay caused by the respondent's failure to be adequately prepared for argument at the scheduled hearing. The respondent's client elected to pay the $2,000 into the registry of court, but the respondent failed to pay the $384 in attorney fees to opposing counsel. The hearing board determined that the respondent's misconduct violated DR 1–102(A)(1) (violation of a Disciplinary Rule), DR 6–101(A)(3) (neglect of a legal matter), and DR 7–101(A)(3) (conduct prejudicial or damaging to client during the course of professional relationship).

■ Count III was based on respondent's failure to file a timely notice of alibi in the course of representing a defendant in a criminal case entitled *People v. Roy Hillis* (Case No. 85CR21), filed in the District Court of Delta County. Although the respondent was ordered to complete discovery in the case by July 10, 1985, he did not file the notice of alibi until November 4, 1985. The hearing board determined that the respondent's conduct violated DR 1–102(A)(1) (violation of a Disciplinary Rule) and DR 6–101(A)(3) (neglect of a legal matter).

■ Count IV pertained to the respondent's misrepresentation of Donna Desser on Desser's motion to set aside an informal probate order in Case No. 83PR46, entitled *Estate of William B. Deem* and filed in the District Court of Delta County. Although the court instructed the respondent to notify opposing counsel that the motion would be heard on January 22, 1986, the respondent on January 21 filed a motion to vacate the hearing, citing his failure to notify opposing counsel of the scheduled hearing. The court on January 22 vacated the hearing and allowed the respondent to withdraw from the case and permitted another attorney to enter on behalf of Ms. Desser. The hearing board determined that the respondent's conduct violated DR 1–102(A)(1) (violation of a Disciplinary Rule) and DR 6–101(A)(3) (neglect of a legal matter).

■ The hearing board noted that, although the respondent suffered in the past from a long-term addiction to alcohol, he was supported by Alcoholics Anonymous and basically was an honest person who accepted full responsibility for the loss suffered by the estate of James Samuel Oakes and had reached a settlement with his other client, Season's Four Investment Corporation, in order to mitigate the $2,000 penalty assessed against the corporation as a result of his unpreparedness. Nonetheless, the hearing board concluded that the respondent's actions constituted a continuing course of professional misconduct that resulted in damage to his clients and inconvenience to the court and opposing counsel. Because the hearing board was of the opinion that, due to the respondent's age of sixty-nine years and his emotional problems, further rehabilitation efforts would not improve his professional competence, it recommended that the respondent be disbarred.

The record before us contains clear and convincing evidence of professional misconduct by the respondent and fully supports the Grievance Committee's recommendation of disbarment as the appropriate form of discipline to redress that misconduct. Since his reinstatement in 1982, the respondent has demonstrated a continuing pattern of neglect that has caused serious injury to the two clients adversely affected by the misconduct underlying Counts I and II and created the risk of serious injury to the two clients affected by the respondent's misconduct described in Counts III and IV. In light of the respondent's prior history of similar misconduct that resulted in an indefinite suspension in 1972 and the extent of professional neglect demonstrated since his reinstatement in 1982, we believe that disbarment is necessary in order to adequately protect the public and the legal system from further acts of professional dereliction by the respondent. *See* Standards for Imposing Lawyer Sanctions § 4.41 and commentary (1986).

The respondent is accordingly disbarred, and his name is ordered stricken from the roll of attorneys licensed to practice in this state. In addition, the respondent is ordered to pay the costs of these proceedings in the amount of $540.62 by tendering such sum within ninety days from the date of the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500 S, Denver, Colorado, 80202.