The PEOPLE of the State of
Colorado, Complainant,

v.

Obert J. WEISBARD, Respondent.

No. 01PDJ093.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

Dec. 4, 2002.

Opinion issued by a Hearing Board
consisting of the Presiding Disciplinary
Judge ROGER L. KEITHLEY and Hearing
Board Members SISTO J. MAZZA, a
member of the bar, and DEENA RAFFE,
Ph.D, a representative of the public.

## REPORT, DECISION AND IMPOSITION OF SANCTIONS

### SANCTION IMPOSED: ATTORNEY DIS-BARRED

A sanctions hearing pursuant to C.R.C.P.
251.15 was held on October 1, 2002, before a
Hearing Board consisting of the Presiding
Disciplinary Judge, Roger L. Keithley
("PDJ"), Sisto J. Mazza, a member of the
bar, and Deena Raffe, Ph.D., a representa-
tive of the public. James S. Sudler, Assis-
tant Attorney Regulation Counsel represent-
ed the People of the State of Colorado (the
"People"). Robert J. Weisbard did not ap-
pear either in person or by counsel.

The Complaint in this action was filed Oc-
tober 16, 2001. The Complaint and Citation
were sent by certified mail to Weisbard's last
known address on October 17, 2001. Proof
of service was filed May 7, 2002. Service
was therefore proper pursuant to C.R.C.P.
251.32(b). Weisbard did not file an Answer
to the Complaint. On May 10, 2002, the

People filed a Motion for Default. Weisbard did not respond. On July 2, 2002, the PDJ issued an Order granting default, stating that all factual allegations set forth in the Complaint were deemed admitted pursuant to C.R.C.P. 251.15(b), and that all violations of the Rules of Professional Conduct ("Colo. RPC") alleged in the Complaint were deemed established.[1]

The Hearing Board considered the People's argument, the People's exhibits 1 through 4 which were admitted into evidence, the facts established by the entry of default, and made the following findings of fact which were established by clear and convincing evidence.

## I. FINDINGS OF FACT

Weisbard has taken the oath of admission, was admitted to the bar of the Supreme Court on October 27, 1988 and is registered upon the official records of the Supreme Court, attorney registration number 18038. Weisbard is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

All factual allegations set forth in the Complaint were deemed admitted by the entry of default, and are therefore established by clear and convincing evidence. *See* Complaint attached hereto as Exhibit "1." The order entering default also granted default as to all alleged violations of the Rules of Professional Conduct set forth therein.

## II. CONCLUSIONS OF LAW

■ The Order entering default against Weisbard established that in the Child and Real matters, Weisbard violated Colo. RPC 8.4(c)(it is professional misconduct for an attorney to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). In five matters (Child, Dilda, Real, Porter and Flynt), Weisbard neglected the clients' cases in violation of Colo. RPC 1.3 (an attorney shall not neglect a legal matter entrusted to that attorney).[2] In three matters (Dilda, Real and Flynt) Weisbard failed to communicate with clients in violation of Colo. RPC 1.4(a)(an attorney shall keep a client reasonably informed about the status of a matter). In five matters (Dilda, Real, Porter, Flynt and Walling), Weisbard failed to provide an accounting when the clients requested he provide them with one in violation of Colo. RPC 1.15(b)(an attorney shall promptly deliver to the·client ... any funds or other property that the client ... is entitled to receive). In four matters (Dilda, Real, Flynt, and Walling) Weisbard failed to return the clients' files upon request. In the Real case, Weisbard violated Colo. RPC 1.16(d)(surrendering papers and property to which the client is entitled upon termination and refunding any advance payment of any fee not earned) by accepting fees in advance, failing to perform legal services sufficient to earn all of the fees advanced, and failing to return the unearned fees after termination by the client. In the Dilda, Flynt and Walling cases, Weisbard violated Colo. RPC 1.16(d) by failing to return the clients' files. Moreover, Weisbard did not respond to the requests for investigation forwarded to him by the Office of Attorney Regulation Counsel as required by C.R.C.P. 251.5.[3]

1. At the sanctions hearing, the People moved for dismissal of the alleged violation of Colo. RPC 1.15(d) in claim one, which was granted.

2. There is no allegation in the Complaint that Weisbard's neglect of his clients rose to the level of abandonment.

3. The PDJ granted default on the Colo. RPC 8.1(b) charge, premised upon Weisbard's failure to reasonably respond to a lawful demand for information the request for investigation from the Office of Attorney Regulation Counsel. Upon closer examination of the facts established by the entry of default and the exhibits introduced, there is no evidence that Weisbard "knowingly" failed to respond. Indeed, there is no evidence that Weisbard actually received the requests for information. *See People v. Scruggs*, 52 P.3d 237, 240 (Colo.O.P.D.J.2002)(holding that in four matters the respondent attorney's knowing failure to provide responses to requests for information constituted separate violations of Colo. RPC 8.1(b) based on allegations of knowing conduct set forth in complaint); *People v. Segal*, 40 P.3d 852 (Colo.O.P.D.J.2002)(dismissing Colo. RPC 8.1(b) based on lack of allegations that respondent attorney knowingly violated rule); *People v. Powell*, 37 P.3d 545, 549 (Colo.O.P.D.J.2001)(setting aside default on grounds that no evidence was presented that respondent attorney knowingly failed to respond to a request from the disciplinary authorities). Absent such proof, the default was erroneously entered as to this claim and is therefore set aside, and the alleged violation of Colo. RPC 8.1(b) is dismissed.

A review of the individual matters reveals the extent of Weisbard's neglect. In the Child matter, Weisbard represented husband and wife who paid him a total of $700 to draft and file a petition for dissolution of marriage and a separation agreement. The clients had largely agreed upon the terms of the agreement. Weisbard initially drafted and filed the petition for dissolution but thereafter failed to communicate with the clients for a period of ten months despite their efforts to communicate with him. During this time frame he failed to draft the separation agreement. Eleven months following the initial meeting, the clients demanded the return of their file and $500 of the funds they had paid. Weisbard did not return the funds and did not render an accounting when requested. The clients were constrained to complete the dissolution of marriage without counsel. Weisbard collected $700 for specified services, failed to provide the services and failed to refund the unearned fees for a substantial period of time, constituting dishonesty.[4]

In the Dilda matter, Weisbard represented a client in a personal injury matter. Weisbard filed a complaint on behalf of the client but took no further action in the case. When the court ordered Weisbard to serve the defendants in the case and Weisbard failed to file returns of service with the court, the court dismissed the case for failure to prosecute. The client was only made aware that the case had been dismissed several months later. The client requested Weisbard return the file containing original documents and he failed to do so.

In the Real matter, Weisbard was paid $1,500 to represent a client in a child custody matter. The client requested that Weisbard draft a stipulation with regard to child visitation, which Weisbard failed to do. The client attempted to contact Weisbard over a four-month period, decided to hire replacement counsel, and demanded the return of the file. Weisbard failed to return the file. Weisbard collected an advance fee of $1,500 for specified services, failed to perform the specified services, and failed to return the unearned

fees for a substantial period of time in violation of Colo. RPC 8.4(c).

In the Porter matter, a client hired Weisbard concerning a child visitation issue and paid him $2,500. Prior to Weisbard's involvement in the case, the court ordered specific visitation rights for the father regarding the adolescent son. When the son refused to visit the father, the client advised Weisbard of her son's refusal, and asked Weisbard to inform the court that the client had done everything she could to comply with the court's order. He failed to do so. Weisbard also agreed to file a motion requesting review of the proposed findings submitted by opposing counsel. Thereafter, for four months, the client could not reach Weisbard. The court ordered Weisbard's client to submit a transcript of the prior hearing by a date certain. Weisbard never filed the transcript with the court, which resulted in the court's determination that the motion for review was abandoned. Weisbard did not advise the client that the motion had been ruled upon. The client terminated Weisbard's representation and demanded a refund and an accounting. Weisbard did not refund any portion of the advance fee and did not provide the client with an accounting.

In the Flynt matter, the client hired Weisbard to represent her in a dissolution of marriage proceeding and paid him $1,500. Weisbard filed a petition for dissolution with the court and sent a copy of the petition to the opposing party. Thereafter, Weisbard did nothing in the case except respond to a settlement letter. He failed to set the matter for a temporary and/or permanent orders hearing. Eight months after commencing representation, the client attempted but did not succeed in contacting Weisbard. Replacement counsel attempted to contact Weisbard and was unable to do so. Later, Weisbard sent a statement to the client reflecting that she had a credit balance of $925.35. Weisbard did not provide a refund, an accounting, nor did he return the original documents to the client.

In the Walling matter, the client hired Weisbard to represent her in a dissolution of

4. There is no allegation in the Complaint that Weisbard engaged in knowing conversion; accordingly, no finding of knowing conversion is made.

marriage action. Weisbard performed work on the case but at its conclusion, failed to return the file or render an accounting to the client as requested.

## III. SANCTION/IMPOSITION OF DISCIPLINE

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") is the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct.

ABA *Standards* 4.41(b) and (c) provides that disbarment is generally appropriate when:

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to the client.

ABA *Standard* 4.42(a) and (b) provide that suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

The presumptive sanctions recommended by ABA *Standards* 4.41 and 4.42 are distinguished by the degree of injury or potential injury to the client occasioned by the lawyer's misconduct. In the Child matter, the clients were constrained to complete the dissolution of marriage without representation of counsel. The Dilda matter was dismissed based on Weisbard's failure to prosecute and the client never regained possession of her original documents. In the Real matter, Weisbard failed to take action on behalf of the client over a four-month period, waiting until shortly before the deadline to set the matter for a hearing thus placing the client at the risk of dismissal of the case, and failed to refund unearned fees. In the Porter matter, Weisbard risked placing his client in contempt of court by failing to communicate critical information to the court on behalf of the client regarding compliance with a court order, and failing to file a transcript when ordered to do so. Weisbard's inaction resulted in the client's motion for review of the magistrate's ruling being abandoned. The client never recovered the unearned fees paid to Weisbard. In the Flynt matter, Weisbard failed to return unearned fees and original documents to the client.

In five of the six cases, Weisbard's actions resulted in serious harm to the clients. Weisbard either retained client funds or property to which he was not entitled or neglected his clients' cases to such a degree that the clients, unable to contact him, hired replacement counsel. In one instance, Weisbard's conduct resulted in the dismissal of the case. In the Walling matter, Weisbard caused injury to his client, but on the facts presented, it cannot be concluded that the injury caused was serious.

In each of the five matters where Weisbard caused serious harm, the facts established evidence that Weisbard was aware of the services requested by the clients and he knowingly failed to perform those services. Taken together, Weisbard's misconduct evidences a pattern of behavior resulting in serious neglect. Under the ABA *Standards, supra,* a sanction of suspension to disbarment is warranted. Colorado law is in accord with the ABA *Standards'* range of sanctions, including disbarment. *See People v. Murray,* 887 P.2d 1016, 1021 (Colo.1994)(lawyer disbarred for knowingly failing to perform services for clients in ten separate matters constituting a pattern of neglect and causing potentially serious harm to clients); *People v. Dulaney,* 785 P.2d 1302, 1306 (Colo.1990)(lawyer disbarred for chronic neglect of client matters and use of deceit to cover the neglect); *People v. Stewart,* 752 P.2d 528, 530 (Colo.1987)(attorney disbarred for demonstrating a continuing pattern of neglect that caused serious injury to the two clients and risk of serious injury to two other clients considering the attorney's prior history of similar misconduct); *People v. Milner,* 35 P.3d 670, 687 (Colo.O.P.D.J.2001)(lawyer disbarred for, among other things, neglect of fourteen separate client matters).

Determination of the appropriate sanction requires consideration of aggravating and

mitigating factors pursuant to ABA *Standard* 9.22 and 9.32 respectively. Weisbard did not participate in the disciplinary proceedings, accordingly no mitigating factors were established. The aggravating factors considered include Weisbard's engaging in a pattern of misconduct, *see id.* at 9.22(c), engaging in multiple offenses, *see id,* at 9.22(d), and failing to cooperate in the disciplinary proceeding, *see id.* at 9.22(e).

Additionally, a respondent attorney's prior misconduct may be considered as an aggravating factor pursuant to ABA *Standard* 9.22(a). An examination of Weisbard's disciplinary record reveals extensive and similar prior misconduct, predating the misconduct which is evident in this case. On May 29, 2001, the Supreme Court in the decision *In re Weisbard,* 25 P.3d 24 (Colo.2001) affirmed the Hearing Board's decision, *People v. Weisbard,* 35 P.3d 498 (Colo.O.P.D.J.2000), Case No. 99PDJ072, and suspended Weisbard from the practice of law for a period of eighteen months effective June 29, 2001. In that default proceeding, Weisbard's misconduct arose from a fee dispute with a former law partner. Weisbard changed the locks on the firm's offices and took control of the operating and trust accounts. As a result of Weisbard's actions, numerous clients were impacted. In four separate matters, Weisbard violated Colo. RPC 1.15(b) by failing to promptly return the balance due on retainers owed to clients notwithstanding their request for the funds. In five separate matters, Weisbard violated Colo. RPC 1.15(b) by ignoring clients' requests for their files and failing to promptly assemble and transmit them, resulting in injury to at least three clients. In two separate matters, Weisbard failed to return clients' phone calls, in violation of Colo. RPC 1.4(a). In one matter, he failed to file a timely response to a petition to revise a separation agreement in violation of Colo. RPC 1.3. Additionally, Weisbard violated Colo. RPC 4.5(a) by threatening to advance criminal and/or disciplinary charges against his prior partner in the course of a civil proceeding. Weisbard violated Colo. RPC 1.15(a) by commingling personal funds with client funds; he violated Colo. RPC 8.4(c) by retaining funds belonging to a client and attempting to settle a suit brought against him by the client with the funds as consideration for a settlement.

In a subsequent matter, *People v. Weisbard,* No. 00PDJ069, 2001 WL 1161658, (Colo. PDJ June 13, 2001) 2001 Colo. Discipl. LEXIS 51, the PDJ accepted the parties' Conditional Admission of Misconduct and suspended Weisbard from the practice of law for a period of eighteen months. Weisbard violated Colo. RPC 1.3 by failing to prepare a written stipulation and order after having been ordered to do so by the court, and by neglecting to take timely action on a motion to modify child support. Weisbard also violated Colo. RPC 3.4(c) and Colo. RPC 8.4(d) by repeatedly disobeying orders of the court. Weisbard violated Colo. RPC 1.16(a)(3) by failing to move to withdraw from representing his client after being requested to do so. He violated Colo. RPC 1.4(a) by failing to communicate with the client. In a separate matter, Weisbard violated Colo. RPC 1.3 by failing to prepare financial information disclosure documents and failing to timely prepare and follow through on a Qualified Domestic Relations Order, and violated Colo. RPC 1.4(a) by failing to inform his client of an order requiring exchange of financial information and not informing the client of his failure to prepare the required disclosure document.

The misconduct giving rise to the prior disciplinary actions evidences the same neglect of the clients' legal matters and complete disregard of the clients' interests upon termination. Considering Weisbard's past disciplinary history demonstrating an extensive pattern of neglect, the fact that he did not participate in this proceeding, and the fact that the within proceeding evidences repeated instances of neglect causing serious injury, disbarment is the appropriate sanction.

## IV. ORDER

It is therefore ORDERED:

1. ROBERT J. WEISBARD, attorney registration number 18038 is DISBARRED from the practice of law effective thirty-one days from the date of this Order.

2. WEISBARD is Ordered to pay the costs of these proceedings; the People shall submit a Statement of Costs within ten (10) days of the date of this Order. Weisbard shall have five (5) days thereafter to submit a response thereto.

3. WEISBARD is Ordered to make the following refunds, returns or accountings within sixty-one (61) days of the date of this order:

   A. Refund $500 with statutory interest from the date of this Order to Christie Child;

   B. Refund $1,500 with statutory interest from the date of this Order to Melody Real;

   C. Refund $935.25 with statutory interest from the date of this Order to Heidi Flynt;

   D. Provide Cyndi Porter with an accounting and refund all unearned fees to her with statutory interest from the date of this Order;

   E. Provide Christine Walling with an accounting and return the client file; and

   E. Return the client file to Meri Lyn Dilda.

4. WEISBARD is further ordered to file a certificate of compliance with this court within seventy-five (75) days of the date of this order showing that he has complied with all of the orders contained herein.

## EXHIBIT 1

## COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

### JURISDICTION

1. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on October 27, 1988 and is registered upon the official records of this court, registration number 18038. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 1150 West Littleton Boulevard, Suite 150, Littleton, Colorado 80120.

### CLAIM ONE—Child Matter

2. Ms. Child and her husband hired the respondent in November 1999 to prepare and file their divorce for both of them.

3. The respondent agreed to represent both Mr. and Ms. Child.

4. The parties were in substantial agreement about the terms of their divorce.

5. Ms. Child paid the respondent $200.00 on November 3, 1999 for this initial meeting.

6. The respondent drafted the dissolution petition and the parties gave him a document showing their agreement about terms.

7. They paid the respondent an additional $500.00 to prepare and file the separation agreement.

8. At the end of March 2000 Ms. Child called to the respondent's office to learn the status of her divorce. She thought that it had been filed and that the 90–day waiting period would be over.

9. The respondent did not return her calls.

10. Ms. Child called the respondent's office numerous times until August 2000.

11. The respondent did not return these calls and did not communicate adequately with his client.

12. Ms. Child learned that the respondent had filed only the petition but not the separation agreement.

13. In September 2000 Ms. Child went to the respondent's office in an attempt to get her file. She asked the respondent in person for her file and for her $500.00 back.

14. The respondent stated to Ms. Child that he had been working on her file. He did not give her her file or any money.

15. Furthermore, he never provided her with an accounting of what he did even though she requested an accounting.

16. Ms. Child and her husband are still in the process of finalizing their divorce by themselves.

17. The respondent did not prepare and file the separation agreement for which he had been paid $500.00.

18. The respondent did not return the $500.00 that he did not earn.

19. He has engaged in neglect in violation of Colo. RPC 1.3, and he has failed to return an unearned fee of $500.00 in violation of Colo. RPC 1.15(d). It is unknown what the respondent has done with the money. By failing to return the money for which he did no work the respondent has engaged in dishonesty in violation of Colo. RPC 8.4(c).

WHEREFORE, the complainant prays for relief at the conclusion hereof.

### CLAIM TWO—Dilda Matter

20. Meri Lyn Dilda hired the respondent on or about March 15, 2000 to represent her and her children in a personal injury matter. They had been hurt in their apartment when a piece of wood attached to the premises fell and hit them.

21. The respondent had a contingent fee agreement with Ms. Dilda.

22. He filed a complaint with a jury demand in Adams County District Court on July 13, 2000. The date of the injury was July 14, 1998. On July 14, 2000, Ms. Dilda called the respondent and his assistant faxed her a copy of the complaint.

23. In August 2000, Ms. Dilda tried to learn from the respondent what was happening in her case and left numerous phone messages with the respondent's assistant, "Don."

24. On January 23, 2001, Ms. Dilda again called and this time spoke to Don. She asked him to send her a copy of the complaint and jury demand, Don faxed to her a copy of an order dismissing the case dated October 19, 2000.

25. Ms. Dilda had never heard of or seen this order or the previous order leading to it.

26. On September 6, 2000 the court had sent out an order to the respondent to serve the defendants with the complaint.

27. The respondent failed to comply with that order and Judge Bockman dismissed the case without prejudice for failure to prosecute on October 19, 2000.

28. Ms. Dilda has tried on numerous occasions to get her file from the respondent by calling and writing him. He has never returned the file.

29. On April 27, 2001 the Office of Attorney Regulation Counsel sent a letter to the respondent telling him to return Ms. Dilda's file to her.

30. He failed to do so and never responded to the Office of Attorney Regulation Counsel about the request for investigation in this matter.

31. Ms. Dilda needs the file from the respondent because it has original photographs of the apartment and she does not have negatives for those photos. She has been unsuccessful in obtaining another attorney.

32. The respondent neglected this matter by failing to respond to the court's order to serve the defendant or by failing to serve them or both. It appears that the only work the respondent did on this matter was to file the complaint. He violated Colo. RPC 1.3.

33. Furthermore, the respondent failed to communicate with his client in violation of Colo. RPC 1.4(a).

34. Additionally, the respondent has retained complainant Dilda's file for no valid reason. His doing so is causing damage or potential damage to complainant Dilda. His conduct violated Colo. RPC 1.16(d) and Colo. RPC 1.15(b).

WHEREFORE, the complainant prays for relief at the conclusion hereof.

### CLAIM THREE—Real Matter

35. Melody Real is the mother of Charice Real who was the respondent's client in a custody matter involving Charice's children.

36. On about November 18, 2000 Melody Real paid the respondent $1,500.00 to represent her daughter in the custody matter.

37. Soon after the representation began, the Reals attempted to learn from the respondent what was happening in the case.

38. Melody and Charice communicated to respondent that they expected the respondent to draft a visitation stipulation; however, the respondent failed to draft the document and did nothing in the case.

39. Complainant Real and her daughter received a Notice of Delay Prevention Order for the court stating that the case would be dismissed after 45 days if a hearing was not set in the Adams County District Court.

40. They attempted many times to communicate with the respondent about that order by leaving voice mail messages, but he never returned any of their numerous messages.

41. The Reals decided to retain another lawyer in this matter when they received a phone call from the respondent stating that he filed the necessary Notice to Set on February 9, 2001, just before the deadline. After that phone call the Reals decided to hire another lawyer.

42. On February 1, 2001, Charice Real sent a letter to the respondent terminating his services and requesting a refund on the balance of her retainer and her file.

43. She has never heard from the respondent.

44. The respondent neglected to provide any service in this case except for the filing of a notice to set a hearing at the very last minute. His conduct violated Colo. RPC 1.3.

45. The respondent has never responded to a request for a refund of the unearned portion of the money he was paid.

46. The respondent did not do enough work to justify failing to return all of the $1,500.00.

47. In fact the respondent did not provide services of any value to Charice Real and he was obligated to return the entire $1,500.00.

48. The respondent has violated Colo. RPC 1.15(b), Colo. RPC 1.16(d), and Colo. RPC 8.4(c).

49. Furthermore, the respondent failed to communicate with his client. He violated Colo. RPC 1.4(a).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM FOUR—Porter Matter

50. Cyndi Porter hired respondent concerning the issue of her son's visitation with his father in Great Britain.

51. Before the representation by the respondent began, on about June 14, 2000, Magistrate Schwartz of the Arapahoe County District Court conducted a hearing on Ms. Porter's Motion for Modification of Child Support and the father's Motion for Parenting Time.

52. Magistrate Schwartz entered a written order that the 16–year–old son would have to visit with his father for a month every year.

53. Pursuant to that order, on July 23, 2000, the son was supposed to board a plane at DIA with his father to go to Great Britain. The son refused to go.

54. Ms. Porter contacted the respondent the following day and asked him to advise the court of her son's refusal.

55. The respondent agreed to the representation of Ms. Porter and agreed to file documents with the court showing that Ms. Porter had done everything she could to comply with the court's order.

56. Ms. Porter also asked the respondent to file other motions to correct assertions made in proposed findings that opposing counsel, Robert Bailey, had filed with the court.

57. On July 25, 2000, the respondent filed a Substitution of Counsel and a Motion for Review of the Magistrate's Order.

58. Through August, September, October and early November 2000 Ms. Porter left many messages for the respondent to learn the status of the Motion for Review of the

Magistrate's Order. Until November 2000, she never heard from the respondent.

59. In early November, Ms. Porter reached the respondent by telephone and made an appointment to see him on November 14, however, he cancelled that meeting.

60. Ms. Porter was persistent and was able to get the respondent to agree to meet with her at 6:00 p.m. on November 14, 2000.

61. Ms. Porter told the respondent at that meeting that he was fired, but he was able to persuade her to keep him on.

62. Ms. Porter agreed not to fire the respondent at that time because she had paid him $2,500.00 and did not have funds to pay another lawyer.

63. On November 22, 2000, Judge Cheryl Post ordered that Ms. Porter submit a complete transcript of the hearing in front of the magistrate within 30 days, and any brief by her would have to be filed within 10 days of the filing of the transcript.

64. The respondent told Ms. Porter that the transcript would have to be ordered. A transcript of the tape-recorded proceedings in front of the magistrate was prepared in September 2000, but the respondent never filed it with the court.

65. On January 10, 2001, the respondent and Ms. Porter worked together on a Motion to Modify the Permanent Orders. He filed that motion on January 16, 2001. After that she tried to reach him by phone but he never called back.

66. Unbeknownst to Ms. Porter, the respondent never filed the transcript, and on January 22, 2001, Judge Post entered an order deeming the motion for review abandoned.

67. Ms. Porter went to court on February 27, 2001, and learned that the court had ruled that the appeal of the magistrate's ruling had been deemed abandoned because the respondent had failed to file the transcript as ordered.

68. Ms. Porter immediately hired another attorney, Janelle Oswald. Ms. Porter also fired the respondent by a telephone call February 27, 2001.

69. During the February 27, 2001 phone call, Ms. Porter asked the respondent for a complete accounting of the fees she had paid him.

70. The next day she picked up her file from the respondent and repeated her request for a full accounting. She also demanded a return of her retainer.

71. The respondent stated that he would do the accounting; however, he has never done so and he never returned any money to her.

72. In late July 2001, Ms. Porter was able to speak with the respondent, and she again asked for a refund. He told her that he would have to do an accounting and she told him that he had had 8 months to do one. He told her to do what she had to do.

73. The respondent neglected to file the transcript of the hearing in front of the magistrate with the District Court Judge. His conduct violated Colo. RPC 1.3.

74. After he was fired, the respondent failed to provide an accounting to his client of what he did for her money and whether she was owed any money that was unearned. She has requested this accounting several times. His conduct violated Colo. RPC 1.15(b).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM FIVE—Flynt Matter

75. Heidi Flynt hired the respondent to represent her in her divorce. The representation commenced in June 2000.

76. Ms. Flynt paid the respondent a retainer of $1,500.00.

77. On about June 29, 2000, the respondent filed a petition for dissolution in Jefferson County District Court. At the end of July 2000 the respondent sent a copy of the petition, and a waiver of service to Ms. Flynt's husband's attorney.

78. The respondent did not thereafter do any work on the case until October when he

received a settlement proposal from Mr. Calvert, the husband's lawyer.

79. The respondent responded to the settlement letter on November 17, 2000. After that he did no further work on the case.

80. After the written settlement negotiations, Ms. Flynt tried to contact the respondent by phone. She then wrote to the respondent after receiving no return calls. In January 2001 she wrote him twice.

81. On about February 12, 2001, Ms. Flynt hired Hanna Warren to represent her. Ms. Flynt tried again to reach the respondent by phone but he never returned her call.

82. At some time (at present unknown) the respondent did execute a Substitution of Counsel and therefore knew that he had been terminated by Ms. Flynt.

83. As of October 6, 2000, the respondent had sent a bill to Ms. Flynt stating that she had a credit balance of $925.35. She has asked for a refund and an accounting but has never received either.

84. The respondent also has original papers which complainant Flynt needs. Ms. Warren has written to the respondent on complainant Flynt's behalf asking for the return of these originals; however he has never provided them.

85. The respondent stopped communicating with complainant Flynt after November 2000. His failure to communicate after that date is a violation of Colo. RPC 1.4(a).

86. Ms. Flynt had to pay all credit card marital debts since her husband left her in May 2000. She has also paid the mortgage on her house with no help from her husband since December 2000. The respondent was obligated to take action to attempt to obtain temporary and then permanent orders providing for some relief for his client. The respondent did not take any formal action in the divorce proceeding after he filed it. He should have set the matter for temporary and/or permanent orders. The respondent has violated Colo. RPC 1.3 by failing to do anything in the formal court case after he filed the petition.

87. The respondent did not provide an accounting to his client after he was requested to do so in violation of Colo. RPC 1.15(b).

88. After he was terminated, the respondent failed to return complainant Flynt's file to her in violation of Colo. RPC 1.16(d). He still has original documents that he has not returned.

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM SIX—Walling Matter

89. Christine Walling hired the respondent in 1998 to represent her in her divorce.

90. The respondent had many meetings with Ms. Walling about the case.

91. The respondent did work on this case unlike some of the other matters discussed in this report.

92. Some time after the case was finished, the respondent sought to collect his fees from Ms. Walling's ex-husband, Jeff Seberg.

93. The respondent's actions against Ms. Walling's ex-husband have put a strain on her relationship with her ex-husband.

94. Ms. Walling requested from the respondent an accounting as to what he had done to justify the amount he sought from her ex-husband.

95. The respondent never sent Ms. Walling any bills or any accounting.

96. On May 10, 2001 Ms. Walling wrote to the respondent requesting her personal files. She has never heard from him nor has she received her files.

97. The respondent has failed to return his former client's file to her in violation of Colo. RPC 1.16(d). He has also failed to provide her with an accounting of what he did for her and the fees he charged in violation of Colo. RPC 1.15(b).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM SEVEN—Failure to Respond

98. The allegations made in Claims One through Six hereinabove were made in six separate requests for investigation.

99. In each of those requests for investigation, the Office of Attorney Regulation Counsel duly notified the respondent of them and requested information from him.

100. The respondent failed to respond to any of the six requests for investigation, and he did not cooperate with the Office of Regulation Counsel.

101. The respondent's failure to respond and cooperate in each of the matters is grounds for discipline under C.R.C.P. 251.5(d) and Colo. RPC 8.1(b).

## CONCLUSION

102. The respondent's conduct as herein above described and in consideration of the American Bar Association Standards for Imposing Lawyer Discipline warrants his disbarment from the practice of law.

103. Additionally, the complainant requests that the respondent be ordered to return files, property and unearned fees as warranted based upon the allegations in this complaint.

WHEREFORE, it is prayed that the respondent be found guilty of violations of various rules of conduct which establish grounds for discipline as provided in C.R.C.P. 251.5, and the Colorado Rules of Professional Conduct and that he be disbarred and assessed the costs of these proceedings.