**In re Bruce D. BLUM, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 03–BG–389.**

District of Columbia Court of Appeals.

Submitted Sept. 2, 2004.

Decided Sept. 16, 2004.

Before GLICKMAN and WASHINGTON, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

On March 10, 2003, respondent Bruce D. Blum was disbarred by the Maryland Court of Appeals for, among other things, commingling, dishonesty, conduct prejudicial to the administration of justice, false representation of material facts, and failing to respond to demands for information from Maryland disciplinary authorities.[1] *See Attorney Grievance Comm'n v. Blum,*

---

1. Bar Counsel advises us that based on his Maryland disbarment, respondent has also been disbarred by the United States Court of Appeals for the District of Columbia Circuit. Respondent has also been administratively suspended from practicing in this jurisdiction since 1998 for non-payment of dues.

373 Md. 275, 818 A.2d 219 (2003). The decision of the Maryland Court of Appeals contains a complete discussion of the underlying facts, *see id.*, but, essentially, respondent has been disbarred in that jurisdiction for failing to return approximately $700 to a former client in a timely fashion, falsifying evidence to cover up that fact, and then lying to both Maryland Bar Counsel and a Maryland Circuit Court judge about his actions.[2]

Respondent's disbarment was reported to this court, and on April 28, 2003, we suspended him pursuant to D.C. Bar R. XI, § 11(d) and referred the matter to the Board on Professional Responsibility ("Board"). The Board now recommends the respondent be disbarred as reciprocal discipline. Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation, nor has respondent filed any exceptions to the Board's report and recommendation.

Because of the rebuttable presumption favoring identical reciprocal discipline, *see In re Goldsborough,* 654 A.2d 1285 (D.C. 1995); D.C. Bar R. XI, § 11(f), the lack of anything in the record to indicate that reciprocal discipline is inappropriate, *see* D.C. Bar R. XI, § 11(c), and our heightened deference to the Board when its recommendation is unopposed, *see id.* at § 11(f), we adopt the Board's recommendation. We note further that either misappropriation or falsifying documents alone would have been sufficient to disbar the respondent in this jurisdiction. *See In re Addams,* 579 A.2d 190, 191 (D.C.1990) (en banc) ("[I]n virtually all cases of misappropriation, disbarment will be the only appropriate action[.]"); *In re Marshall,* 762 A.2d 530 (D.C.2000) (submission of

fabricated documents warrants disbarment). Such actions are, as we have said, "unthinkable" for a member of the bar of this court. *Id.* at 536. Accordingly, it is

ORDERED that Bruce D. Blum is disbarred from the practice of law in the District of Columbia. Moreover, since respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

**2.** In all, respondent was found to have violated Rules 1.15(a), 1.16(d), 3.3.(a)(1), 3.3.(a)(4), 3.4(a)–(b), 8.1(a)–(b), and 8.4(c)–(d) of the Maryland Rules of Professional Conduct, Maryland Court Rules 16–606 and 16–609, and MD. CODE ANN., BUS. OCC. & PROF. §§ 10–304, 10–306 (1989).