### In re Robert J. WEISBARD, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 424616).

No. 05–BG–514.

District of Columbia Court of Appeals.

Submitted Nov. 7, 2006.
Decided Dec. 21, 2006.

Before WASHINGTON, Chief Judge, REID, Associate Judge, and NEWMAN, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent Robert J. Weisbard[1] ("respondent") the Board on Professional Responsibility ("the Board") has recommended to this court that reciprocal, but non-identical discipline of disbarment, with respondent eligible to file for reinstatement after a period of five years be imposed. No exceptions to the Board's Report and Recommendation have been filed. Given this court's recent decision in *In re Greenspan*, 910 A.2d 324 (D.C.2006), however, this court will impose reciprocal discipline only in the first of the three disciplinary matters before us in this proceeding.

On August 22, 2000, the Colorado Hearing Board[2] suspended respondent from the practice of law for eighteen months for violations of the Colorado Rules of Professional Conduct involving a failure to return retainer funds and files to clients, failure to promptly communicate with clients, failure to file a timely response for a client in a court matter, commingling personal and client funds, threatening to bring a disciplinary action in the course of civil proceeding, and attempting to settle a dispute with a client through the use of the client's funds.[3] On June 13, 2001, respondent agreed to another eighteen-month suspension based on his voluntarily-stipulated violations, including his failure to prepare and file documents in client matters, failure to communicate with his client, failure to withdraw from a matter, and disobeying court orders.[4] The two suspensions were consolidated and respondent was suspend-

---

1. Respondent was admitted to the Bar of the District of Columbia on July 18, 1990, but has been administratively suspended for non-payment of dues since November 30, 1993.

2. Colorado Rules of Civil Procedure 251.22(a) provides the presiding disciplinary judge of the Colorado Hearing Board with the authority to enter orders imposing suspensions or disbarments in cases involving stipulated or admitted misconduct.

3. It should be noted that respondent did not answer the Colorado charges in this matter, and under Colorado law, the disciplinary matter proceeded before the Hearing Board as a default. Subsequently, respondent appeared *pro se* before the Hearing Board at the sanctions hearing and moved to set aside that default judgment on grounds of excusable neglect, which was denied by the Hearing Board. The Colorado Supreme Court later upheld the Hearing Board's denial and imposition of the eighteen-month suspension. *In re Weisbard*, 25 P.3d 24 (Colo.2001) (en banc).

4. *People v. Weisbard*, No. 00PDJ069, 2001 WL 1161658 (Colo. June 13, 2001).

ed for thirty-six months, and under Colorado rules, respondent was required to establish rehabilitation when reinstatement was sought. On December 4, 2002, the Colorado Hearing Board disbarred respondent for violations involving the failure to refund fees in client matters for services not performed, neglecting client matters, failure to keep clients informed, failure to provide clients with requested accountings, and failure to return requested client files.[5] Under Colorado Rules, disbarment runs for a minimum period of eight years.[6] On May 24, 2005, Bar Counsel filed certified copies of all three disciplinary orders with this court and moved to consolidate the matters. On June 13, 2005, this court issued an order granting Bar Counsel's motion to consolidate, temporarily suspending respondent, and directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board either to recommend discipline or proceed *de novo*. Bar Counsel recommended non-identical reciprocal discipline in the form of disbarment with respondent eligible to file for reinstatement after a period of five years. Respondent has not filed a statement nor has he participated in this proceeding.

In its report and recommendation, the Board found that the record supported the reciprocal but non-identical discipline of disbarment because in cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical disci-

pline-a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress,* 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998)).

▆      A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). Respondent's misconduct includes a pattern of neglect, dishonesty, failures to account, improper withholding of client files, and disobedience of court orders, which would ordinarily warrant disbarment in this jurisdiction. *See In re Foster,* 699 A.2d 1110, 1112 (D.C.1997); *In re Haupt,* 444 A.2d 317, 326–27 (D.C.1982).

Our authority to impose reciprocal discipline is limited by Rule XI, § 11(c) which provides that reciprocal discipline shall be imposed when a final determination is made by a *disciplining court,* subject to the statutorily specified exceptions, which are inapplicable in this case. D.C. Bar R. § 11(c) (emphasis added). Except for the suspension meted out in the first matter by the Colorado Supreme Court, however, the other discipline, including respondent's disbarment, was imposed by a court created Hearing Board. D.C. Bar R. XI, § 11(a) defines " 'disciplining court' as any court of the United States as defined in Title 28, Section 451 of the United States Code, the highest court of any state, territory, or possession of the United States, and any other agency or tribunal with authority to disbar or suspend an attorney from the practice of law in any state, territory, or possession of the United States." In a recent opinion, this court defined "disciplining court" as "only th[o]se categories

---

**5.** *People v. Weisbard,* 59 P.3d 858 (Colo.2002).

**6.** COLORADO RULES OF CIVIL PROCEDURE 251.6(a).

of courts or tribunals or agencies which share the ultimate power conferred-to *admit,* suspend, and disbar an attorney to or from the practice of law" and specifically found that the term does not include tribunals to which the highest court has delegated some limited authority. *In re Greenspan,* 910 A.2d at 340 (emphasis in original). While the delegation of authority to the Hearing Board by the Colorado Supreme Court in this case includes the authority to suspend or disbar a lawyer as if the order was being issued by the Colorado Supreme Court, the Colorado Rules also provide for appellate review of the Hearing Board's decision. Because it could be argued that the granting of the right to appellate review of decisions by the Hearing Board reserves to the Colorado Supreme Court the ultimate authority to suspend or disbar attorneys, there is a question as to whether the decisions of the Hearing Board in this case should be accorded full faith and credit as a decision of a disciplinary court under our D.C. Bar R. XI, § 11. In as much as this case comes to us in the posture of an uncontested reciprocal discipline case, however, we are reluctant to address that issue at this time. Despite our decision not to address whether the Colorado Hearing Board falls within the definition of a disciplining court under D.C. Bar R. XI, we see no reason to delay imposition of the reciprocal discipline approved by the Colorado Supreme Court. After reviewing the report and recommendation of the Board we are satisfied that reciprocal discipline in the form of a suspension with a fitness requirement for those violations is appropriate. Because the respondent will have to prove his fitness before he can practice law again in the District of Columbia such a sanction also effectively preserves our ability to review the facts underlying the second and third disciplinary matters addressed solely by the Hearing Board at a later time. Therefore, it is

ORDERED that Robert J. Weisbard be suspended for a period of eighteen months from the practice of law in the District of Columbia and for purposes of reinstatement, the time period shall begin to run from the date respondent files his affidavit as required by D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331–33 (D.C.1994).

*So ordered.*