In re Richard J. DOBBYN,
Respondent.

A Member of the Bar of the District of
Columbia Court of Appeals (Bar
Registration No. 432609).

No. 06–BG–1390.

District of Columbia Court of Appeals.

Submitted Feb. 20, 2008.
Decided March 13, 2008.

Before WASHINGTON, Chief Judge,
and FISHER and BLACKBURNE–
RIGSBY, Associate Judges.

PER CURIAM:

The respondent, Richard J. Dobbyn, is a member of the bar of this court[1] and the bar of Arizona. He was also a member of the Texas bar, but on April 12, 2005, a Texas Grievance Committee disbarred respondent by default after finding that he had violated numerous ethical rules, including: misappropriation, neglect of client matters, failing to inform his client of deposition and court dates, failing to appear, entering into a settlement without client authorization and without informing the client, failing to deliver client files, misrepresenting the status of a case on multiple occasions, failing to inform a client of the dismissal of her case, and having taken many of these actions while serving a previously imposed disciplinary probation. As noted, this disbarment was entered by default after respondent failed to contest the charges which were served on him by certified mail pursuant to Rule 2.15 of the Texas Rules of Disciplinary Procedure.

Respondent did not report his Texas discipline as required by D.C. Bar R. XI, § 11(b), but Bar Counsel was subsequently notified of his disbarment by the ABA National Lawyer Regulatory Data Bank and reported it to this court on November 21, 2006. We then issued an order suspending respondent on an interim basis, directing him to show cause why identical discipline should not be imposed, and in-

---

1. Respondent has, however, been administratively suspended for nonpayment of his bar dues since November 1993.

structing Bar Counsel to advise the Board on Professional Responsibility ("Board") of his position regarding reciprocal discipline. We further directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*. *See* D.C. Bar R. XI, § 11.

■ The Board now recommends that respondent be disbarred as identical reciprocal discipline. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation, and respondent has not filed a response or participated in this reciprocal discipline proceeding. But this failing is wholly the respondent's since it is abundantly clear from the record that Bar Counsel made repeated attempts to notify respondent of these proceedings. In light of Bar Counsel's diligent efforts, and respondent's failure to inform the Bar of any changes to his address, *see* D.C. Bar R. II, § 2(a), "we conclude that respondent had sufficient notice of this proceeding for the purposes of imposing reciprocal discipline." *In re Powell*, 860 A.2d 836, 837 (D.C.2004). Indeed, we agree with the Board that respondent's decision not to contest this proceeding is consistent with his lengthy administrative suspension and demonstrates his lack of interest in maintaining his eligibility to practice law in the District of Columbia.

■ Since no exceptions have been taken, the scope of our review is extremely limited. D.C. Bar R. XI, § 11(f). The principal question is whether the sanction imposed by Texas is within the range of discipline that might have been imposed in this jurisdiction if the misconduct had occurred here. *See In re Sumner*, 762 A.2d 528, 529 (D.C.2000); *In re Hitselberger*, 761 A.2d 27, 27–28 (D.C.2000). And as misappropriation alone would have been sufficient to justify the sanction of disbarment in the District of Columbia, *see In re Addams*, 579 A.2d 190, 191 (D.C.1990) (en banc), we have no difficulty accepting the Board's recommended sanction. Nor, since respondent failed to participate in either the Texas proceeding or this reciprocal proceeding, are we troubled by the fact that his disbarment was by default. *See In re Sumner*, 762 A.2d at 529.[2] Accordingly, it is

ORDERED that Richard J. Dobbyn is hereby disbarred from the practice of law in the District of Columbia, and his name shall be stricken from the roll of attorneys authorized to practice before this court. For the purposes of reinstatement, respondent's disbarment will run from the date that he files an affidavit which conforms to

---

**2.** We note that respondent's disbarment occurred before the issuance of our Order No. M–228–07 (effective Aug. 31, 2007) (amending D.C. Bar R. XI, § 11(a) to provide that any agency, commission, or tribunal authorized to impose discipline effective throughout a state is a "disciplining court" for the purpose of reciprocal discipline). But we are reluctant to reach any potential issue of retroactivity in this uncontested reciprocal matter. *Cf. In re Weisbard*, 912 A.2d 1178, 1180–81 (D.C.2006). Moreover, under the circumstances of this case, it appears the Texas

Grievance Committee had full authority to disbar the respondent and thus fit within our old definition of "disciplining court," which included an "agency ... with authority to disbar or suspend an attorney from the practice of law in any state...." *Id.* at 1180. In any event, we apply a very limited standard of review in uncontested cases like this, and we are satisfied "that no obvious miscarriage of justice would result [from] the imposition of identical discipline...." *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (internal quotation marks and citation omitted).

 

the requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*