### In re W. Bradney GRIFFIN, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 459202).**

No. 07–BG–750.

District of Columbia Court of Appeals.

Decided March 27, 2008.

1. Respondent has, however, been administratively suspended for non-payment of his bar dues since September 2002.

2. We note that this case presents us, again, with a situation where the underlying discipline was imposed before the issuance of Or-

Before GLICKMAN and FISHER, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

The respondent, W. Bradney Griffin, is a member of the bar of this court[1] as well as those of Vermont and New York. The respondent was suspended from the practice of law for thirty days, to be followed by ninety days of probation, by the Vermont Professional Responsibility Board on April 11, 2007, after it concluded that he had violated Vt. R. Prof. Cond. 8.4(d), by failing to cooperate with disciplinary counsel.[2]

der No. M–228–07 (Aug. 31, 2007) (amending D.C. Bar R. XI, § 11(a), to provide that entities such as the Vermont Professional Responsibility Board are "disciplining court[s]" for the purpose of reciprocal discipline), and that this might raise a question under *In re Greenspan,* 910 A.2d 324 (D.C.2006). However, as we have stated previously, we do not find it necessary to address that question in uncontested reciprocal matters. *See In re Dobbyn,* 943 A.2d 1165 (D.C.2008).

Bar Counsel reported respondent's discipline to this court on July 19, 2007, and we issued an order suspending respondent on an interim basis, directing him to show cause why identical discipline should not be imposed, and instructing Bar Counsel to advise the Board on Professional Responsibility ("Board") of his position regarding reciprocal discipline. We further directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*. *See* D.C. Bar R. XI, § 11. The Board now recommends that respondent be suspended for thirty days to be followed by ninety days of probation under the same conditions imposed by the Vermont order and that such suspension shall run, *nunc pro tunc*, from July 31, 2007, the date on which respondent filed an affidavit that the Board and Bar Counsel both conclude sufficiently complied with D.C. Bar R. XI, § 14(g). Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation, and respondent has not filed a response.

The scope of our review in uncontested cases such as this is extremely limited, and our deference to the Board's recommendation is heightened. D.C. Bar R. XI, § 11(f); *In re Anya*, 871 A.2d 1181, 1182 (D.C.2005). Moreover, a thirty-day suspension followed by ninety days of probation is within the range of sanctions appropriate to cases where an attorney has not cooperated with the disciplinary authorities.[3] *See, e.g., In re Artis*, 883 A.2d 85 (D.C.2005); *In re Scanlon*, 865 A.2d 534 (D.C.2005); *In re Beller*, 802 A.2d 340 (D.C.2002). In light of these points, as well as the strong presumption favoring identical reciprocal discipline, *In re Zilber-*

---

**3.** The respondent's failure would have also been a violation of our Rules of Professional

*berg*, 612 A.2d 832 (D.C.1992), we accept the Board's report and recommendation, and it is.

ORDERED that W. Bradney Griffin is hereby suspended from the practice of law in the District of Columbia for thirty days, to be followed by ninety days of probation subject to the conditions imposed by the Vermont Professional Responsibility Board, to run *nunc pro tunc* from July 31, 2007.

*So ordered.*