**In re L. Gilbert FARR, Respondent.**

**No. 08–BG–108.**

District of Columbia Court of Appeals.

Feb. 5, 2009.

Before KRAMER, Associate Judge, and BELSON and STEADMAN, Senior Judges.

**ORDER**

PER CURIAM.

On further consideration of the February 25, 2004, disbarment order issued by the Supreme Court of New Jersey (*In the Matter of Linus G. Farr a/k/a L. Gilbert Farr*, no. D–52, Sept. Term 2003, 178 N.J. 458, 841 A.2d 906), this court's March 7, 2008, order suspending respondent from the practice of law pending final disposition by this court, the December 23, 2008, Report and Recommendation of the Board on Professional Responsibility and Errata Sheet thereto, and there appearing to be no exceptions or oppositions to the recommendation, and it further appearing that respondent has failed to file the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that respondent, L. Gilbert Farr, be and hereby is disbarred. *See In re Dobbyn*, 943 A.2d 1165, 1166 (D.C.2008) (court imposed reciprocal discipline of disbarment for misappropriation of funds where respondent failed to participate and sanction imposed by default); *In re Blum*, 859 A.2d 633 (D.C.2004) (disbarment for failing to return funds to a former client in a timely fashion and falsifying evidence to cover up that fact); *In re Pierson*, 690 A.2d 941 (D.C.1997) (attorney disbarred for using client escrow account to pay her business expenses.); and *In re Larsen*, 589 A.2d 400 (D.C.1991) ("In this jurisdiction misappropriation of funds warrants disbarment in virtually all cases."). It is

FURTHER ORDERED as the respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).