**In re Mark BENDET, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–656.**

District of Columbia Court of Appeals.

Submitted Oct. 21, 1998.

Decided Nov. 12, 1998.

---

Before TERRY and SCHWELB, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

█ This case comes to us from the Board on Professional Responsibility (the Board) as a reciprocal discipline case from the Supreme Court of New Jersey. The New Jersey court permanently disbarred respondent, with his consent, after he was adjudicated guilty of theft by deception. Permanent disbarment exceeds the range of disciplinary sanctions which this court may impose upon this respondent. *In re McBride*, 602 A.2d 626, 641 (D.C.1992) (*en banc*). The Board has, therefore, recommended that respondent be disbarred with the right to apply for reinstatement after five years. No party has filed an exception to the Board's recommendation. We agree with the Board. Accordingly, we adopt the Board's Report and Recommendation and incorporate it as an appendix to this opinion. *See In re Richardson*, 602 A.2d 179, 180 (D.C.1992). For the purpose of respondent's seeking reinstatement to the bar, his disbarment shall commence with the filing of his affidavit pursuant to D.C. Bar Rule XI, § 14.

*So ordered.*

## APPENDIX

## DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of: MARK BENDET, Respondent.

Bar Docket No. 139–97

## REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

This is a reciprocal discipline matter referred to the Board by the District of Columbia Court of Appeals. In an Order dated May 2, 1997, the Court suspended Respondent pursuant to Rule XI, § 11(d) based on an order of the Supreme Court of New Jersey disbarring Respondent by consent. The Court further directed the Board to recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline or whether the Board instead elects to proceed *de novo*. Bar Counsel recommends that Respondent should be disbarred as reciprocal discipline. Respondent has not participated in these proceedings.

## The New Jersey Proceedings

On January 29, 1997, Respondent executed a form consent to disbarment pursuant to Rule 1.20–10(a) of the Rules of the New Jersey Supreme Court. In the consent to disbarment, Respondent stated that (i) he was aware that there was presently pending against him an indictment charging him with multiple counts of theft by deception; (ii) he was convicted or had pleaded guilty to theft by deception, a crime of the third degree, in relation to a fraudulent insurance claim filed in connection with an automobile accident; and (iii) he could not successfully defend against the charge. Respondent further stated that he submitted the consent to disbarment "freely and voluntarily," that the implications of consenting to disbarment were known to him and that he suffered no disability that impaired his ability to knowingly and voluntarily execute the form consent to disbarment. Respondent acknowledged that in accepting disbarment on consent, he would not be permitted to seek reinstatement in New Jersey. By order of March 6, 1997, the Supreme Court of New Jersey disbarred Respondent.

## Discussion

Reciprocal discipline is imposed unless the attorney demonstrates, by clear and convincing evidence, one of the exceptions set forth in Rule XI, § 11(c). *See In re Gardner,* 650 A.2d 693, 695 (D.C.1994). There is a "rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). The presumption is overcome where the foreign discipline falls outside the range of sanctions that would be imposed in an original case in this jurisdiction. Rule XI, § 11(c)(4); *In re Garner,* 576 A.2d 1356, 1357 (D.C.1990)(*per curiam*). Respondent's failure to participate in reciprocal disciplinary proceedings operates as a concession that reciprocal discipline is appropriate. *See In re Goldsborough,* 654 A.2d 1285, 1288 (D.C. 1995).

The New Jersey procedure governing consents to disbarments parallels the procedure set forth in Rule XI, § 12. In addition, criminal offenses involving theft or intent to defraud result in disbarment in the District of Columbia. *See In re Caplan,* 691 A.2d 1152 (D.C.1997); *In re Sneed,* 673 A.2d 591 (D.C.1996); *In re Untalan,* 619 A.2d 978 (D.C.1993). Disbarment is therefore appropriate as reciprocal discipline. *See In re Portis,* 701 A.2d 841(D.C.1997) (reciprocal disbarment by consent); *In re Sloan,* No. 91–SP–1520 (D.C. Apr. 29, 1993) (same); *In re Lieberman,* 592 A.2d 1060 (D.C.1991) (same). However, the consensual disbarment procedure in New Jersey results in a permanent disbarment, a sanction that does not exist in the District of Columbia. *See In re McBride,* 602 A.2d 626, 641 (D.C.1992) (*en banc*). Because permanent disbarment is outside the range of discipline imposed here for Respondent's misconduct, the Board recommends that Respondent be disbarred as that sanction is imposed under Rule XI, with the right to apply for reinstatement after five years. *See In re White,* 605 A.2d 47, 49 (D.C.1992) (*per curiam*).

## Conclusion

The Board recommends that Respondent be disbarred as reciprocal discipline. The effective date of the disbarment should not commence until Respondent files the affidavit required by Rule XI, § 14.

BOARD ON PROFESSIONAL RESPONSIBILITY

By:_____

Rita Soler Ossolinski

Dated: March 3, 1998

All members of the Board concur in this Report and Recommendation except Ms. Taylor and Ms. Zumas, who did not participate.