**In re Henry J. WILEWSKI, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–73.**

District of Columbia Court of Appeals.

Submitted Oct. 21, 1999.
Decided Dec. 23, 1999.

---

Before TERRY, GLICKMAN, and WASHINGTON, Associate Judges.

PER CURIAM:

■ In this reciprocal discipline case, the District of Columbia Board of Professional Responsibility (D.C.Board) recommends that respondent Henry J. Wilewski be disbarred based on his September 29, 1995 disbarment by the Supreme Court of New Jersey. Respondent was permanently disbarred by the New Jersey Supreme Court because he engaged in conduct involving dishonesty, fraud, deceit and misrepresentation in violation of New Jersey Rule of Professional Conduct 8.4(c).[1] Specifically, the New Jersey Disciplinary Review Board (New Jersey Board) found by clear and convincing evidence that the respondent had knowingly misused funds erroneously credited to his firm's trust account by his bank by disbursing that money from the trust account to his firm's business account and then using it for personal and business expenditures for himself and his partner.

The D.C. Board recommends that the respondent be disbarred with the right to apply for reinstatement after five years because the disciplinary rules of the District of Columbia Court of Appeals do not include the sanction of permanent disbarment.

■ Respondent has not asserted any infirmity in the New Jersey proceedings or the proof establishing his misconduct. In fact, respondent admits the act of dishonesty with regard to utilizing the erroneously credited bank funds. He argues, however, that the imposition of reciprocal discipline would result in "grave injustice" and that District of Columbia precedent warrants "substantially different discipline." However, the sanction of disbarment is within the range of sanctions in the District of Columbia for conduct involving serious dishonesty. *See In re Gil,* 656 A.2d 303 (D.C.1995); *In re Goffe,* 641 A.2d 458 (D.C.1994) (per curiam). If the sanction imposed by the disciplinary court falls within the range of sanctions that might be imposed in an original case in this jurisdiction, there is a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction. *See In re Gardner,* 650 A.2d 693, 695

---

1. D.C. Rule 8.4(c) is identical to the New Jersey Rule.

(D.C.1994); *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992).

Bar Counsel has informed this court that he takes no exception to the Board's report and recommendation. Given the limited scope of our review and recognizing that permanent disbarment exceeds the range of disciplinary sanctions which this court may impose upon respondent, we adopt the Board's recommendation. *See In re Goldsborough,* 654 A.2d 1285 (D.C.1995); *In re Bendet,* 719 A.2d 1243 (D.C.1998). Accordingly, it is

ORDERED that Henry J. Wilewski be, and hereby is, disbarred with the right to apply for reinstatement after five years.

*So ordered.*