**In re Geoffrey P. LEBAR, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 97–BG–1361.

District of Columbia Court of Appeals.

Submitted Oct. 19, 1999.

Decided Dec. 23, 1999.

Before FARRELL, REID, and WASHINGTON, Associate Judges.

PER CURIAM.

In this reciprocal discipline case, the District of Columbia Board of Professional Responsibility (D.C.Board) recommends that respondent Geoffrey P. Lebar be disbarred based on his July 1, 1997 disbarment by the Supreme Court of New Jersey. Respondent's New Jersey disbarment resulted from his improperly disbursing funds to himself from deposits in real estate transactions on three separate occasions. The Supreme Court of New Jersey in adopting the findings of the New Jersey Disciplinary Review Board (New Jersey Board) ordered that the Respondent be permanently disbarred for his knowing misappropriation of client funds and for conduct involving dishonesty, fraud, deceit or misrepresentation. The D.C. Board recommended that the Respondent be disbarred with the right to apply for reinstatement after five years because the disciplinary rules of the District of Columbia Court of Appeals do not include the sanction of permanent disbarment. Respondent did not timely file an opposition to the D.C. Board's report and recommendation.[1]

Bar Counsel has informed this court that he takes no exception to the Board's report and recommendation. Aside from the correspondence received by the D.C. Board and noted in this opinion, respondent has not filed any formal opposition to the Board's report and recommendation. Given the limited scope of our review and recognizing that permanent disbarment exceeds the range of disciplinary sanction which this court may impose upon Respondent, we adopt the Board's recommenda-

---

1. Respondent subsequently submitted to the D.C. Board a letter and an article regarding his case in New Jersey. In his letter Respondent argues that the discipline imposed by the New Jersey Supreme Court was too harsh because no parties to the subject transactions lost money and none of the parties involved made a claim against him. He further states that he was admitted to the District of Colum- bia Bar in 1970 by test and asks that this court also consider that favorably in deciding whether to impose reciprocal discipline in this case. However, even if we were to accept Respondent's letter as a timely filed opposition, Respondent's arguments are not sufficient to overcome the presumption favoring reciprocal discipline.

tion. *See In re Goldsborough,* 654 A.2d 1285 (D.C.1995); *In re Bendet,* 719 A.2d 1243 (D.C.1998). Accordingly, it is

ORDERED that Geoffrey P. Lebar be, and hereby is, disbarred with the right to apply for reinstatement after five years.

*So ordered.*