**In re William E. SUMNER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1083.**

District of Columbia Court of Appeals.

Submitted Nov. 2, 2000.
Decided Nov. 22, 2000.

Before TERRY, Associate Judge, and NEWMAN and MACK, Senior Judges.

NEWMAN, Senior Judge:

■ In this reciprocal discipline case from Georgia, the Board on Professional Responsibility recommends that respondent, William E. Sumner, be disbarred from the practice of law in the District of Columbia. Though properly served with notice of the proceedings in this jurisdiction, Sumner has failed to make any appearance contesting the imposition of reciprocal disbarment. We order his disbarment.

By order dated September 13, 1999, from the Supreme Court of Georgia, Sumner was disbarred from practicing law in that state. This disbarment was based on three notices of proposed discipline as well as two formal complaints, all five alleging serious misconduct which would warrant disbarment in an original proceeding here. Under Georgia procedure, a notice of proposed discipline is issued after an Investigative Panel of the State Disciplinary Board finds probable cause that a respondent has committed a disciplinary offense. If a respondent does not contest the notice of proposed discipline, the respondent is in default, has no right to an evidentiary hearing, and is subject to such discipline as the court may impose. Sumner did not contest any of these three notices of proposed discipline.

When a respondent does contest a notice of proposed discipline, a formal complaint may be filed, a Special Master appointed, and respondent has a right to a full eviden-

tiary hearing. However, a respondent who fails to answer a formal complaint is deemed to have admitted the facts and the violations. In the two instances where formal complaints were issued against Sumner (*i.e.*, in the two cases where he had contested the notice of proposed discipline), he took no further action, and was thus in default, thereby admitting the facts and violation.

The Report of the Board on Professional Responsibility characterizes the conduct at issue in the Georgia proceedings thus:

"Respondent defaulted on charges of misconduct involving six clients as well as on separate charges of overdrawing his attorney escrow account and failing to respond to disciplinary authorities. The Georgia court summarized the misconduct as follows:

In virtually all of the cases, Sumner agreed to represent clients in legal matters, accepted funds in the nature of legal fees or to be held in his trust account in a fiduciary capacity, and then abandoned the legal matter to the client's detriment and/or failed to return the funds or to account for them, and utilized the funds for his personal benefit. Sumner repeatedly made false statements to clients regarding the status of their cases, assuring them he was performing legal services that, in fact, he was not."

■ In considering reciprocal discipline, pursuant to *In re Gardner*, 650 A.2d 693, 696 (D.C.1994), the Board conducted an independent inquiry to determine whether any of the exceptions set forth in D.C. Bar R. XI, § 11(c) applies. The Board recognized that where neither Bar Counsel nor the respondent opposes the imposition of the identical discipline, the Board's inquiry is a limited one. *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998). The principal inquiry is whether the sanction imposed in the other jurisdiction is within the range of what would have been imposed here if the misconduct had occurred here. If so, there is a rebuttable presumption that we will impose the same discipline here. *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). Where a respondent has failed to appear and contest the proceedings in this jurisdiction, he has waived his right to seek to rebut the presumption. *In re Berger*, 737 A.2d 1033, 1044–45 (D.C. 1999); *In re Spann, supra*, 711 A.2d at 1263–64; *In re Goldsborough*, 654 A.2d 1285, 1287–88 (D.C.1995).

Our decision in *In re Williams*, 464 A.2d 115 (D.C.1983) (a D.C. original disciplinary proceeding) is not to the contrary. Unlike here, Williams did appear in the disciplinary proceedings, albeit only after the Hearing Committee had acted. He objected to the report and recommendation of the committee, participated in oral argument before the Board and participated in this court through counsel. We agreed with his contention that the Hearing Committee should not have proceeded by default but should have taken *ex parte* proof.

■ This is a far cry from the situation in this case. Here, Sumner has taken virtually no steps to participate in the Georgia proceedings and *absolutely none* to participate in these reciprocal ones. While we are mindful that bar disciplinary proceedings are quasi-criminal, *id.* at 118, we are likewise mindful that a person may waive constitutional rights in a *criminal* proceeding by inaction. *Moore v. Illinois*, 408 U.S. 786, 799, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972); *Schmerber v. California*, 384 U.S. 757, 765 n. 9, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *United States v. Hart*, 729 F.2d 662, 665 (10th Cir.1984), *cert. denied*, 469 U.S. 1161, 105 S.Ct. 914, 83 L.Ed.2d 927 (1985); *Nixon v. United States*, 728 A.2d 582, 595 n. 27 (D.C.1999), *cert. denied*, 528 U.S. 1098, 120 S.Ct. 841, 145 L.Ed.2d 707 (2000); *Best v. United States*, 237 A.2d 825, 827 (D.C.1968). We see no reason in law or logic why such a waiver doctrine should not apply with at least equal force where the proceedings are "Aquasi" criminal.

We reiterate the view we have expressed before in *Goldsborough, Spann,* and most recently in *Berger.* Where there has been no objection from the attorney to the imposition of reciprocal discipline, including none in this court, we find it *virtually* impossible to imagine a situation where the imposition of identical reciprocal discipline would constitute the "grave injustice" which our Rule XI, § 11(c)(3) permits us to avoid. This is not the case which makes it prudent that we modify the word "impossible" by the word "virtually" in the previous sentence. It is therefore

ORDERED that respondent be, and he hereby is, disbarred from the practice of law in the District of Columbia, effective this date. Sumner's attention is called to the provisions of D.C. Bar R. XI, §§ 14 and 16(c) as they relate to disbarred lawyers.