**In re Michael C. MEISLER,
Respondent.**

**A Member of the Bar of the District
of Columbia Court of Appeals.**

**No. 98–BG–1758.**

District of Columbia Court of Appeals.

Submitted June 26, 2001.

Decided July 19, 2001.

Before STEADMAN and WASHINGTON, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

On September 14, 2000, the Supreme Court of Florida permanently disbarred respondent from the practice of law in that state. In doing so, it accepted an uncontested report by the hearing referee. The report noted that respondent had been permitted to resign from the Florida bar, with the right to reapply within three years, by order of April 23, 1998, but had nonetheless continued to practice law. In addition, the report noted respondent's extensive previous disciplinary history, his plea to a felony, and his "total lack of remorse" for his various acts of misconduct. Before us is a report and recommendation of the Board on Professional Responsibility that we impose reciprocal discipline pursuant to D.C. Bar R. XI, § 11, to which no exceptions were filed.[1]

In reciprocal discipline cases, the presumption is that the discipline in the

---

1. On June 26, the calendar date for this matter, respondent filed a motion, opposed by Bar Counsel, asking that enforcement be stayed pending possible further developments in Florida. The motion is denied as far too speculative at this point.

District of Columbia will be the same as it was in the original disciplining jurisdiction. *In re Zilberberg,* 612 A.2d 832, 834 (D.C. 1992); *In re Velasquez,* 507 A.2d 145, 145–47 (D.C.1986). The deferential standard given to Board recommendations becomes even more deferential where no exception is taken to the recommendation. *In re Goldsborough,* 654 A.2d 1285, 1288 (D.C. 1995). A disbarment in this jurisdiction is not necessarily permanent; a petition for reinstatement may be filed after five years. *See, e.g., In re Wilewski,* 742 A.2d 881 (D.C.1999) (reciprocal disbarment); *In re McBride,* 602 A.2d 626 (D.C.1992) (en banc). Following respondent's resignation from the Florida bar, we issued an order of suspension here pursuant to D.C. Bar R. XI, §§ 10(c) and 11(d), and respondent filed an affidavit pursuant to D.C. Bar R. XI, § 14(g) on April 15, 1999. The Board accordingly recommends that, for reinstatement purposes, respondent's disbarment should be deemed to run from that date. *See In re Slosberg,* 650 A.2d 1329 (D.C.1994).

Accordingly, it is ORDERED that Michael C. Meisler is disbarred from the practice of law in the District of Columbia *nunc pro tunc* to April 15, 1999.