**In re Phyllis M. AIN, Respondent.**

**A Member of the Bar. of the District of Columbia Court of Appeals.**

No. 02–BG–270.

District of Columbia Court of Appeals.

Submitted Nov. 18, 2003.
Decided Dec. 4, 2003.

Before FARRELL and RUIZ, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

Respondent was originally admitted to this court's Bar on June 10, 1980, but has been administratively suspended from the practice of law in the District of Columbia since November 30, 1990, for non-payment of bar dues. On October 20, 2001, respondent was disbarred by the Supreme Court of Colorado. Respondent was also ordered to return client files and to pay restitution.[1] On December 2, 2001, respondent reported her discipline to Bar Counsel, who obtained a certified copy of the order as required by D.C. Bar R. XI, § 11(b). On April 8, 2002, this court suspended respondent and referred the mat-

ter to the Board on Professional Responsibility ("Board") to determine whether reciprocal discipline should be imposed. The Board has recommended that respondent be disbarred as reciprocal discipline. Bar Counsel has informed the court that she takes no exception to the Board's recommendation. Respondent has not filed any opposition to the Board's recommendation.[2]

Initially, since the Colorado sanctions were entered after a default judgment, due to respondent's failure to participate in the proceedings, this court must satisfy itself that respondent was afforded due process and that she received actual notice prior to the imposition of the sanction. *In re Hitselberger,* 761 A.2d 27, 30 (D.C.2000). The record reflects that respondent received actual knowledge of the charges against her, that the Colorado Bar Counsel served respondent at numerous addresses, and that respondent had filed extensions of time to respond to the Colorado allegations. Additionally, after Colorado Bar Counsel moved for default, a full fact finding hearing was held and the Board determined that the allegations had been proven by clear and convincing evidence. Therefore, respondent was afforded due process and this court may proceed with reciprocal sanctions.

There is a rebuttable presumption that the sanction imposed by this court in a reciprocal discipline case will be identical to that imposed by the original disciplining court. *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). This presumption is rebutted only if the respondent demonstrates, or the face of the record reveals, by clear and

---

1. Respondent was charged with four separate violations; namely, abandonment of clients, misappropriation of funds, commingling of funds and disregard of court orders.

2. It should be noted that respondent did not file any opposition or response to the Colorado proceedings, even though she was granted numerous extensions of time to do so. Additionally, while the Colorado proceeding was ongoing, respondent left Colorado.

convincing evidence the existence of one of the conditions enumerated in D.C. Bar R. XI, § 11(c). *See* D.C. Bar R. XI, § 11(f).

■ Respondent's failure in this case to file any exception to the Board's report and recommendation is treated as a concession that reciprocal disbarment is warranted. *See In re Childress*, 811 A.2d 805, 807 (D.C.2002); *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995); *see also* D.C. Bar R. XI, § 11(f). Additionally, the record does not give us any cause to find imposition of identical discipline inappropriate. Respondent's gross dereliction of duty to her clients and her misappropriation of funds constitute misconduct under the District of Columbia Rules of Professional Conduct. Further, disbarment is within the range of appropriate sanctions in such a case of gross neglect. *In re Foster*, 699 A.2d 1110, 1112 (D.C.1997). Lastly, Bar Counsel recommends that although Colorado allows counsel to seek reinstatement eight years after disbarment, the appropriate sanction in this case, and in light of previous holdings, is disbarment with the right to seek reinstatement after five years. This recommendation is in conformance with our previous decisions in *In re Wilewski*, 742 A.2d 881 (D.C.1999), and *In re Bendet*, 719 A.2d 1243 (D.C. 1998). Accordingly, it is

ORDERED that Phyllis M. Ain is hereby disbarred from the practice of law in the District of Columbia forthwith. *See* D.C. Bar R. XI, § 14(f). We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and their effect on her eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*