**In re Jeffrey D. GRANT, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 03–BG–82.**

District of Columbia Court of Appeals.

Submitted May 6, 2004.

Decided May 27, 2004.

Before RUIZ and WASHINGTON, Associate Judges, and PRYOR, Senior Judge.

---

3. *Cobb v. Standard Drug Co.,* 453 A.2d 110, 111 (D.C.1982).

4. *Id.* at 111.

5. We are told that exhibits have likewise been lost.

PER CURIAM:

Jeffrey D. Grant has been a member of this court's bar since August 7, 1998. He was also licensed to practice law in the State of New York. On September 4, 2002, however, Grant tendered an affidavit of resignation "as an attorney and counselor-at-law" to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department. He averred that he "could not successfully defend [himself] on the merits" against nine allegations then subject to three open investigations by the New York Grievance Committee.[1] Satisfied that the affidavit was submitted voluntarily, without coercion, and in conformance with the law, the Supreme Court of the State of New York accepted Grant's resignation on December 16, 2002 and ordered him disbarred and his name "stricken from the roll of attorneys and counselors-at-law." After D.C. Bar Counsel filed with this court a certified copy of the New York disciplinary order, we suspended Grant on an interim basis pursuant to D.C. Bar R. XI, § 11(b), and referred the matter to the Board on Professional Responsibility. The Board concluded that Grant's conduct warrants reciprocal discipline in this jurisdiction[2] and recommends immediate disbarment, deemed to commence for purposes of reinstatement from the time he files the affidavit required by D.C. Bar R. XI, § 14(g). *See In re Slosberg*, 650 A.2d 1329, 1331–33 (D.C.1994). Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation.

Grant has not participated in the present proceedings. This court issued an order requiring him to show cause why reciprocal discipline should not be imposed. By failing to respond he has effectively defaulted on the issue of whether such cause exists. *See In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995). Nor has Grant filed an opposition to the Board's report and recommendation, which we construe as a concession that reciprocal discipline is warranted. *See In re Ain*, 837 A.2d 908, 910 (D.C.2003); D.C. Bar R. XI, § 11(f)(1). Although there has been no adversarial testing of the allegations in this case, we are assured by the affidavit of resignation "that no obvious miscarriage of justice would result in the imposition of identical discipline" in Grant's absence. *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998). Given our limited scope of review and the presumption in favor of identical reciprocal discipline, *see In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992), we adopt the Board's recommendation. It is accordingly,

ORDERED that Jeffrey D. Grant be, and hereby is, disbarred, and it is

---

1. Although the resignation preempted more thorough development of the factual record, Grant specifically acknowledged that he could not defend on the merits against allegations of (1) misappropriating client funds; (2) withdrawing client funds from escrow accounts for personal use; (3) entering into business relationships with clients without disclosure of, and informed consent to, conflicts of interest; (4) failing to safeguard client property; (5) failing to pay or deliver promptly funds rightfully demanded by a client; (6) transferring funds entrusted to him as a fiduciary without requisite authorization; (7) submitting false testimony and documentation to the New York Grievance Committee; (8) engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and (9) engaging in conduct prejudicial to the administration of justice.

2. The Board concluded that the violations alleged in the New York proceeding constitute violations of Rule 1.5 (misappropriation), Rule 1.8 (conflict of interest), Rule 8.4(c) (dishonesty, fraud, deceit or misrepresentation) and Rule 8.4(d) (conduct prejudicial to the administration of justice) of the District of Columbia Rules of Professional Conduct.

FURTHER ORDERED that respondent's attention is drawn to the requirement of D.C. Bar R. XI, § 14(g) relating to suspended and disbarred attorneys and to the provisions of § 16(c) dealing with the time of eligibility for reinstatement as related to compliance with § 14, including the filing of the required affidavit.

*So ordered.*