**In re Richard L. GRUBER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 04–BG–1, 04–BG–243.**

District of Columbia Court of Appeals.

Submitted Dec. 7, 2005.
Decided Dec. 22, 2005.

Before: GLICKMAN and KRAMER, Associate Judges, and FERREN, Senior Judge.

PER CURIAM.

In these consolidated reciprocal disciplinary proceedings against respondent Richard L. Gruber,[1] the Board on Professional Responsibility ("Board") has recommended to this Court that reciprocal and identical discipline of disbarment be imposed.

On September 23, 2003, the Supreme Court of New Jersey ("New Jersey Court") disbarred respondent for multiple violations of New Jersey Rules of Professional Conduct, including dishonesty and misappropriation of a client's funds for his personal use. On January 6, 2004, after

1. Respondent was admitted by motion to the D.C. Bar on July 28, 1980.

receiving notice of this discipline, Bar Counsel notified this Court of respondent's disbarment. On January 12, 2004, we suspended respondent pursuant to D.C. Bar R. XI, § 11(d) and directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or whether the Board should proceed *de novo*.

On March 17, 2004, Bar Counsel filed a copy of an earlier order, dated February 26, 1998, entered by the New Jersey Court reprimanding respondent for misconduct, including gross neglect, lack of diligence, failure to communicate, and failure to cooperate with disciplinary authorities. On March 23, 2004, the court issued an order that respondent remain suspended on an interim basis pursuant to D.C. Bar R. XI, § 11(d), and directed the Board either to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or whether the Board would proceed *de novo*. The court then ordered that respondent's two cases be consolidated and gave Bar Counsel thirty days to inform the Board of its position regarding reciprocal discipline, and respondent ten days thereafter to show cause why identical, greater, or lesser discipline should not be imposed. On July 21, 2004, Bar Counsel filed a statement recommending disbarment. Respondent has neither filed a statement nor participated in these proceedings.

■ In its subsequent report and recommendation to this court, the Board found that the record supported the reciprocal and identical discipline of disbarment because respondent's violations of the New Jersey's Rules of Professional Conduct comprised violations of comparable D.C. Rules of Professional Conduct.[2] There was no miscarriage of justice in the New Jersey proceeding because the record shows that the New Jersey disciplinary authorities located and notified respondent of the charges, that he participated in those proceedings by speaking with an investigator prior to his reprimand and appearing for an audit in connection with the matter resulting in his disbarment.

■ A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992)). Respondent's misconduct in New Jersey, including misappropriation and dishonesty, warrants disbarment in this jurisdiction. *See In re Addams*, 579 A.2d 190, 191 (D.C.1990) (*en banc*); *In re Slattery*, 767 A.2d 203 (D.C.2001). Further, given that Bar Counsel recommends disbarment and respondent has not opposed it, disbarment is not so excessive as to be grossly unjust. *See In re Drager*, 846 A.2d 992, 994 (D.C.2004) ("[T]he disciplinary system need not make extraordinary efforts to secure a more lenient reciprocal sanction for an attorney who cares so little about his license to practice law in this jurisdiction that he makes no objection to the possibility that he might be reciprocally disbarred here."); *In re Meisler*, 776 A.2d 1207 (D.C.2001). Further, D.C. Bar R. XI, § 11(f)(1) pertaining to reciprocal discipline, states that "When no opposition to the recommendation of the Board has been timely filed, ... the Court will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing an opposition." *See In re Drager*, 846 A.2d at 994.

■ As noted, the Board in this case recommends disbarment. No exception has been taken to its report and recom-

---

**2.** The New Jersey Rules of Professional Conduct that respondent violated are identical to the counterparts in the D.C. Rules of Professional Conduct.

mendation. Therefore, the Court gives heightened deference to the Board's recommendation. See D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommends. Accordingly, it is

ORDERED that Richard L. Gruber be disbarred from the practice of law in the District of Columbia and for purposes of reinstatement, the time period shall begin to run from the date respondent files his affidavit as required by D.C. Bar R. XI, § 14(g). *See In re Slosberg*, 650 A.2d 1329, 1331–33 (D.C.1994). We also direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*