**In re Richard G. CERVIZZI,
Respondent.**

**A Member of the Bar of the District of
Columbia Court of Appeals (Bar
Registration No. 938282).**

**No. 05–BG–882.**

District of Columbia Court of Appeals.

Submitted April 11, 2006.
Decided April 27, 2006.

Before RUIZ and KRAMER, Associate
Judges, and FERREN, Senior Judge.

PER CURIAM:

The respondent, Richard G. Cervizzi,
was disbarred by the Supreme Judicial
Court of Maine on April 4, 2005, for violating the following Maine Bar Rules: Rule
2(c), (failing to respond to inquiries by the
Board and Bar Counsel); Rule 3.1(a) (engaging in conduct unworthy of an attorney); Rule 3.2(f)(1)-(4) (violating, circumventing or subverting the Maine Bar
Rules; engaging in illegal conduct that
adversely affects the lawyer's honesty,
trustworthiness or fitness as a lawyer; engaging in conduct involving dishonesty,
fraud, deceit or misrepresentation; and
engaging in conduct prejudicial to the administration of justice); Rule 7.3(i)(1)(B)
and (C) (failing to notify clients and attorneys or adverse parties of a lawyer's suspension or disbarment and failing to file
the required affidavit of compliance with
the clerk and with the Board); Rule
3.4(a)(4) (failing to act promptly to provide
files requested by Bar Counsel and ordered by the Court); Rule 3.6(a) and
3.6(a)(3) (neglecting, refusing, or delaying
to return files); and Rule 3.7(b) (knowingly making false statements, concealing information legally required to be revealed,
or participating in the creation or preservation of false evidence).

Respondent failed to report his disbarment to this court in compliance with
D.C.App. R. XI, § 11(b). Bar Counsel
filed a copy of the Maine disciplinary letter with this court and we suspended respondent on August 26, 2005, pursuant to
D.C. Bar R. XI, § 11(d), and referred the
matter to the Board on Professional Responsibility ("Board") with directions for
it to recommend whether identical, greater or lesser discipline should be imposed
as reciprocal discipline, or determine
whether it would proceed *de novo*.[1] The
Board submitted a Report and Recommendation on December 23, 2005, which
recommends that respondent be disbarred
as reciprocal discipline. Bar Counsel has

---

1. Respondent was admitted to the bar of this
court in 1977, but has been administratively
suspended since October 31, 2000, for failure
to pay dues.

informed the court that he takes no exception to the Board's report and recommendation. Respondent neither participated in his disbarment proceedings in Maine, nor participated in the reciprocal disciplinary proceedings before the Board and he has not filed any exceptions to its recommendation.

Because of the rebuttable presumption favoring identical reciprocal discipline, *see In re Goldsborough,* 654 A.2d 1285 (D.C. 1995); D.C. Bar R. XI, § 11(f), the lack of any evidence in the record to indicate that reciprocal discipline is inappropriate, *see* D.C. Bar R. XI, § 11(c), and our heightened deference to the Board when its recommendation is unopposed, *see id.* at § 11(f); *In re Gruber,* 889 A.2d 991 (D.C. 2005), we adopt the Board's recommendation. Accordingly, it is

ORDERED that Richard G. Cervizzi is disbarred from the practice of law in the District of Columbia. For the purpose of seeking reinstatement to the Bar, respondent's suspension shall not begin until he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*