**In re Paul C. BLAND, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 232512).**

**No. 05–BG–1113.**

District of Columbia Court of Appeals.

Submitted Nov. 21, 2006.
Decided Dec. 7, 2006.

Before RUIZ, GLICKMAN, and BLACKBURNE–RIGSBY, Associate Judges.

PER CURIAM:

The Virginia State Bar Disciplinary Board ("Virginia Board"), after issuing successive suspension orders, revoked respondent Paul C. Bland's license to practice law on September 25, 2003.[1] Upon receiving notice of respondent's license revocation, this court suspended respondent from the practice of law in the District of Columbia on November 8, 2005, pursuant to D.C. Bar R. XI, § 11(d). In conjunction with that suspension, the Court referred the matter to the Board on Professional Responsibility ("Board") with directions for it to recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline, or determine whether it would proceed *de novo.* The Board submitted a Report and Recommendation on June 16, 2006, which recommends that respondent be disbarred as the functionally equivalent reciprocal discipline. *See In re Laibstain,* 841 A.2d 1259, 1263 (D.C.2004). Respondent's Virginia license revocation was based upon multiple instances of misconduct revealing a pattern of serious client neglect and lack of competent representation. *See In re Haupt,* 444 A.2d 317, 318 (D.C.1982) (holding that disbarment is appropriate sanction for conduct evidencing a "pattern of neglect and willful disregard of ethical and legal duties to numerous clients"). Bar Counsel takes no exception to the Board's report and recommendation. Respondent, who stipulated to the facts in his revocation proceeding in Virginia, did not participate in the reciprocal disciplinary proceedings before the Board and has not filed any exceptions to its recommendation.

■ In view of the rebuttable presumption favoring identical reciprocal discipline, *see In re Goldsborough,* 654 A.2d 1285 (D.C.1995); D.C. Bar R. XI, § 11(f), the lack of any evidence in the record to indicate that reciprocal discipline is inappropriate,[2] *see* D.C. Bar R. XI, § 11(c); and our heightened deference to the Board

---

1. On April 26, 2002, the Virginia Board suspended respondent for four months, with one year probation. Respondent was subsequently directed to show cause why he should not be found in violation of the suspension order. The Virginia Board determined that respondent represented clients during his suspension period and imposed a second 18–month suspension term on October 25, 2002. On September 25, 2003, the Virginia Board held a hearing on allegations of respondent's mis-

conduct in three separate matters, which led to the revocation of his license.

2. As the Board notes, respondent has two prior bar discipline cases in the District of Columbia in addition to his Virginia disciplinary matters. *See In re Bland,* 749 A.2d 750 (D.C.2000) (reciprocal 30–day suspension); *In re Bland,* 714 A.2d 787 (D.C.1998) (public censure).

when its recommendation is unopposed, *see id.* at § 11(f) and *In re Gruber,* 889 A.2d 991 (D.C.2005), we adopt the Board's recommendation. Accordingly, it is

ORDERED that Paul C. Bland is disbarred from the practice of law in the District of Columbia. Respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), and we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So Ordered.*