**In re Dimone G. LONG, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 492053).**

**No. 07–BG–378.**

District of Columbia Court of Appeals.

Submitted April 8, 2008.
Decided May 8, 2008.

---

Before FARRELL, Associate Judge, and KERN and SCHWELB, Senior Judges.

PER CURIAM:

In this reciprocal disciplinary proceeding, the Board on Professional Responsibility has recommended that Respondent Dimone G. Long, who was admitted to our Bar on April 4, 2005, and who was disbarred in Maryland by consent by the Maryland Court of Appeals on April 3, 2007, receive identical reciprocal discipline

of disbarment in the District of Columbia. We adopt the Board's unopposed recommendation.

**I.**

On April 8, 2007, the Attorney Grievance Commission of Maryland and Respondent filed a Joint Petition for Disbarment by Consent. In its Report, the Board described the relevant facts as follows:

In the Joint Petition, Respondent acknowledged that if a hearing was held, sufficient evidence could be produced to sustain allegations that he engaged in misconduct, described in the Joint Petition as follows: Respondent misrepresented to clients in two personal injury matters that the cases were not moving forward because the insurance adjustor was uncooperative when, in fact, Respondent was not pursuing the matters. *Id.* at 2. Respondent also misrepresented the status of a personal injury matter to another client, telling her that another attorney was handling the case when there was in fact no other attorney working on her case. *Id.* Respondent admitted improperly placing a $10,000 attorney's lien on the case of another client after he was terminated one day after being retained to represent the client in a personal injury matter and after doing no work on behalf of the client. *Id.* Respondent's $10,000 lien has prevented the client from settling the matter. *Id.* The Joint Petition further stated that in Maryland Bar Counsel's complaint, Respondent was charged with attempted first-degree murder in Prince George's County, Md. *Id.* On February 8, 2007, Respondent was convicted of second-degree assault. *Id.*

On April 3, 2007, the Maryland Court [of Appeals] approved the Joint Petition and disbarred Respondent on consent. Order, *Attorney Grievance Comm'n of Maryland v. Dimone G. Long,* Misc. Docket AG No. 73 (Md. April 3, 2007).

The Board summarized as follows the Maryland Rules of Professional Conduct which Respondent acknowledged having violated: Rules "1.1 (competence), 1.3 (diligence), 1.4(a) and (b) (communication), 1.5 (fees), 1.6(d) (declining or terminating employment), 8.1(b) (Bar admission and disciplinary matters), 8.4(a) (misconduct), 8.4(b) (criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects), 8.4(c) (dishonesty), and 8.4(d) (conduct prejudicial to the administration of justice.)" On the day following the filing of the Joint Petition, the Maryland Court of Appeals disbarred Respondent by consent.

## II.

Neither Respondent nor Bar Counsel has objected to Respondent's disbarment as identical reciprocal discipline. The imposition of identical discipline when the respondent fails to object "should be close to automatic, with minimum review by both the Board and this court." *In re Cole,* 809 A.2d 1226, 1227 n. 3 (D.C.2002) (per curiam); *accord, In re Sumner,* 762 A.2d 528, 530 (D.C.2000). The Board is satisfied, and so are we, that none of the five exceptions to the presumption in favor of imposing identical reciprocal discipline, *see* D.C. Bar R. XI, § 11(c), applies in this case, and Respondent makes no claim to the contrary.

## III.

For the foregoing reasons, Dimone G. Long is hereby disbarred from the practice of law in the District of Columbia.

*So ordered.*[1]

---

1. For purposes of reinstatement, Respondent's disbarment shall begin to run from the date that he files a satisfactory affidavit in compliance with D.C. Bar R. XI, § 14(g).