### In re Darryl K. FOUNTAIN, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 386220).

### No. 07–BG–377.

District of Columbia Court of Appeals.

Submitted June 24, 2008.
Decided July 17, 2008.

Before WASHINGTON, Chief Judge, and BLACKBURNE–RIGSBY and THOMPSON, Associate Judges.

PER CURIAM.

In 2005, the respondent, Darryl K. Fountain, was suspended[1] by the Supreme Court of Delaware after admitting to serious and repeated violations of that jurisdiction's Rules of Professional Conduct. That same court subsequently disbarred respondent by default after he failed to answer further disciplinary charges.[2] In sum, and most significantly, respondent either admitted to having or was found to have, repeatedly failed his fiduciary and financial obligations, repeatedly misappropriated client funds, falsified records, and failed to file tax returns for several years.

While the respondent is also a member of the Bar of this court, he did not report his disbarment as required by its rules. Instead, Bar Counsel reported it on May 7, 2007. We then issued an order suspending respondent on an interim basis, directing him to show cause why identical discipline should not be imposed, and instructing Bar Counsel to advise the Board on Professional Responsibility ("Board") of his position regarding reciprocal discipline. We further directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*.[3] The Board now recommends that respondent be disbarred as identical reciprocal discipline. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation, and respondent has not filed a response.

There is a rebuttable presumption favoring the nearly automatic imposition of identical reciprocal discipline in this jurisdiction.[4] In light of that presumption, the lack of anything in the record to indicate that reciprocal discipline is inappropriate,[5] and the lack of any exception by the parties, we accept the Board's recommendation. Moreover, there is no question that the sanction imposed by the Delaware high court would have been imposed in this jurisdiction had the misconduct occurred here.[6] Lastly, we are not concerned that respondent's disbarment was by default since he participated fully in the Delaware suspension proceeding and was given the opportunity to be heard during the sanction phase of his disbarment proceeding.[7] Accordingly, it is

ORDERED that Darryl K. Fountain is disbarred from the practice of law in the District of Columbia. For the purposes of reinstatement, respondent's disbarment will run from the date that he files an affidavit which conforms to the require-

---

1. *In re Fountain*, 878 A.2d 1167 (Del.2005).

2. *In re Fountain*, 913 A.2d 1180 (Del.2006).

3. *See* D.C. Bar R. XI, § 11.

4. *Id.* § 11(f).

5. *Id.* § 11(c).

6. *See In re Addams*, 579 A.2d 190, 191 (D.C. 1990) (en banc) (citations omitted).

7. *See In re Sumner*, 762 A.2d 528, 529 (D.C. 2000).

ments of D.C. Bar R. XI, § 14(g).[8]

*So ordered.*

8. Respondent was given the opportunity to cure defects in his previously filed affidavits,

but does not appear to have availed himself of that invitation.