**In re Elmer D. ELLIS, Respondent.**

**No. 09–BG–1085.**

District of Columbia Court of Appeals.

Dec. 3, 2009.

BEFORE: OBERLY, Associate Judge; and BELSON and KING, Senior Judges.

**ORDER**

PER CURIAM.

On consideration of the certified copy of the order issued by the United States Court of Appeals for the District of Columbia Circuit suspending respondent for 120 days and requiring completion of twelve hours of continuing legal education on appellate practice and procedure as a condition of reinstatement, *see In re: Elmer Douglas Ellis,* No. 07–8511 (February 20, 2009), this court's September 16, 2009, order suspending respondent from the practice of law pending final disposition by this court, and directing respondent to show cause why reciprocal discipline should not be imposed, there appearing to be no response from respondent to the show cause order, the statement of Bar Counsel regarding reciprocal discipline, and it further appearing that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that respondent, Elmer D. Ellis, be and hereby is suspended for a period of 120 days with reinstatement conditioned upon the satisfaction of the continuing legal education requirements imposed by the D.C. Circuit. *See In re Meisler,* 776 A.2d 1207, 1208 (D.C.2001) ("In reciprocal discipline cases, the presumption is that the discipline in the District of Columbia will be the same as it was in the original disciplining jurisdiction."); *In re Sumner,* 762 A.2d 528 (D.C.2000) (In uncontested reciprocal discipline cases, absent a finding of grave injustice, this court will impose identical reciprocal discipline); and *In re Ryan,* 670 A.2d 375 (D.C.1996) (4-month suspension with fitness requirement for pattern of neglect to clients). Additionally, since respondent has failed to file the required affidavit, his suspension is deemed to commence for purposes of reinstatement upon the filing of an affidavit required by D.C. Bar R. XI, § 14(g).