**In re Renard JOHNSON, Respondent.**

**and**

**In re Will Purcell, Respondent.**

**Nos. 09–BG–1086, 09–BG–1088.**

District of Columbia Court of Appeals.

March 11, 2010.

Before REID and FISHER, Associate Judges, and PRYOR, Senior Judge.

**ORDER**

PER CURIAM.

On further consideration of the certified copy of the disciplinary orders issued by the Maryland Court of Appeals disbarring respondents, *see Attorney Grievance Comm'n of Maryland v. Renard Johnson and Will Purcell,* 409 Md. 470, 976 A.2d 245 (2009), this court's September 16, 2009, and September 18, 2009, orders suspending respondents from the practice of law pending final disposition by this court, and directing respondents to show cause why reciprocal discipline should not be imposed, the responses thereto, and the statement of Bar Counsel regarding recip-

---

1. Violations of the 2006 edition of 18 U.S.C. §§ 1341, 1343 and 1349.

rocal discipline, and it appearing that respondents did not satisfy the exceptions to reciprocal discipline contained in D.C. Bar Rule XI, § 11(c), and that "reciprocal disciplin[ary] proceedings are not a forum to reargue the foreign discipline,"[1] and it further appearing that respondents have not filed their affidavits required by D.C. Bar R. XI, § 14(g), it is

ORDERED that respondents, Renard D. Johnson and Will Purcell, be and hereby are disbarred. *See In re Meisler*, 776 A.2d 1207, 1208 (D.C.2001) ("In reciprocal discipline cases, the presumption is that the discipline in the District of Columbia will be the same as it was in the original disciplining jurisdiction."); *In re Sumner*, 762 A.2d 528 (D.C.2000) (In uncontested reciprocal discipline cases, absent a finding of grave injustice, this court will impose identical reciprocal discipline); *In re McGowan*, 827 A.2d 31 (D.C.2003) (reciprocal disbarment imposed by this court after Maryland Court of Appeals disbarred respondent for misappropriation of funds and other ethical violations that occurred during his handling of several real estate settlements. There, respondent record deeds of trust, issued title insurance binders without authority to do so, and failed to account for closing costs and fees entrusted to him.). It is

FURTHER ORDERED as the respondents have not filed the affidavit required by D.C. Bar R. XI, § 14(g), we direct their attention to the requirements of that rule and its effect on their eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

---

**1.** *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003).