**In re Harvey D. COLEMAN,
Respondent.**

**No. 10–BG–48.**

District of Columbia Court of Appeals.

June 3, 2010.

Before THOMPSON, Associate Judge; and NEBEKER and TERRY, Senior Judges.

**ORDER**

PER CURIAM.

On further consideration of the certified copy of the consent order issued by the Disciplinary Board of the Virginia State Bar temporarily suspending respondent until such time as it is established that respondent no longer suffers from an impairment as defined in Pt. 6, § IV, ¶ 13.A of the Rules of the Virginia Supreme Court, *see In the Matter of Harvey D. Coleman,* VSB Dkt. No. 09–000–079617 (July 2, 2009), this court's February 4, 2010, order suspending respondent from the practice of law pending final disposition by this court, and directing respondent to show cause why reciprocal discipline should not be imposed, and there appearing to be no response from respondent to the show cause order, the statement of Bar Counsel regarding reciprocal discipline, and it further appearing that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that respondent, Harvey D. Coleman, be and hereby is suspended based upon a disability pursuant to D.C. Bar Rule XI, § 13(e). *See In re Sumner,* 762 A.2d 528 (D.C.2000) (In uncontested reciprocal discipline cases, absent a finding of grave injustice, this court will impose identical reciprocal discipline.); *In re Meisler,* 776 A.2d 1207, 1208 (D.C.2001) ("[i]n reciprocal discipline cases, the presumption is that the discipline in the District of Columbia will be the same as it was

---

in the original disciplining jurisdiction."); and *In re Hemsley,* 735 A.2d 477 (D.C. 1999) (indefinite suspension for disability pursuant to D.C. Bar R. IX, § 13(e)). Additionally, since respondent has failed to file the required affidavit, his suspension is deemed to commence for purposes of reinstatement upon the filing of an affidavit required by D.C. Bar R. XI, § 14(g).