**In re Robert S. FISHER, Respondent.**

**No. 09–BG–1114.**

District of Columbia Court of Appeals.

Filed June 17, 2010.

Before REID and BLACKBURNE–RIGSBY, Associate Judges; and FARRELL, Senior Judge.

**ORDER**

PER CURIAM.

On further consideration of the certified copy of the judgment issued by the Colorado Supreme Court suspending respondent for six months, stayed upon completion of a two year probationary period, *see In re Fisher,* 202 P.3d 1186 (2009), this court's September 29, 2009, directing respondent to show cause why reciprocal discipline should not be imposed, the consolidated response and brief in support of request for no reciprocal discipline, the reply of Bar Counsel, respondent's surreply, and respondent's supplemental exhibits including transcript; and it appearing that respondent has not established that any of the exceptions to reciprocal discipline contained in D.C. Bar Rule XI, § 11(c) apply, it is

ORDERED that respondent, Robert S. Fisher, be and hereby is suspended for six months and imposition of the suspension is stayed. *See In re Zdravkovich,* 831 A.2d 964, 969 (D.C.2003) ("reciprocal disciplin[ary] proceedings are not a forum to reargue the foreign discipline."); *In re Meisler,* 776 A.2d 1207, 1208 (D.C.2001) ("In reciprocal discipline cases, the presumption is that the discipline in the District of Columbia will be the same as it was in the original disciplining jurisdiction."); *In re Sumner,* 762 A.2d 528 (D.C.2000) (In uncontested reciprocal discipline cases, absent a finding of grave injustice, this court will impose identical reciprocal discipline); *In re Evans,* 902 A.2d 56 (D.C.2006) (This court imposed a six-month suspension, with 90 days stayed in favor of one year probation with conditions, where respondent provided incompetent representation stemming from conflict of interest in relation to a real estate loan).