[716 NYS2d 491]

In the Matter of DOMENIC ALONGI, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 13, 2000

**APPEARANCES OF COUNSEL**

*Roderick Quebral,* Buffalo, for petitioner.

*Joel L. Daniels*, Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 12, 1989, and maintained an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of professional misconduct based upon his representation of two clients. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. Prior to the hearing, outstanding issues of fact were resolved by stipulation and the hearing was conducted on matters in mitigation. The Referee filed a report that the Grievance Committee moves to confirm and respondent moves to disaffirm.

The Referee found and respondent admits that he made misrepresentations to a client regarding the status of a lawsuit and prepared documents and advanced funds in furtherance of the misrepresentations; that he engaged in a sexual relationship with the client during the course of the attorney-client relationship; that he prepared a will for the client designating himself as executor and guardian of the property of the client's infant son without making required disclosures regarding the potential conflict of interest; and that he neglected another client's criminal matter.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-101 (a) (22 NYCRR 1200.20 [a])—accepting or continuing employment if the exercise of his professional judgment on behalf of a client will be or reasonably may be affected by his own financial, business, property or personal interests;

DR 5-103 (b) (1) (22 NYCRR 1200.22 [b] [1])—advancing or guaranteeing financial assistance to a client while representing the client in connection with contemplated or pending litigation; and

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

In mitigation, respondent presented testimony that he was suffering from four medical disorders, including bipolar disorder, at the time that the misconduct occurred. He contends that the Referee ignored the medical evidence presented at the hearing. It appears, however, that the Referee, after consideration of the proof, declined to find that the illness of respondent excused his misconduct. After consideration of all of the factors in this matter, including the evidence in mitigation, we conclude that respondent should be suspended for one year and until further order of this Court. Additionally, we direct that respondent, in any application for reinstatement, must establish to the satisfaction of the Court that he possesses the requisite mental capacity to resume the practice of law.

PINE, J. P., HAYES, HURLBUTT, BALIO and LAWTON, JJ., concur.

Order of suspension entered.