**In re Domenic ALONGI, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–47.**

District of Columbia Court of Appeals.

Submitted March 5, 2002.
Decided March 28, 2002.

Before FARRELL, REID, and
WASHINGTON, Associate Judges.

PER CURIAM:

On November 13, 2000, the Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department ("the New York Court"), suspended respondent Domenic Alongi from the practice of law in New York for one year and until further order of that court. *See In re Alongi*, 276 A.D.2d 175, 716 N.Y.S.2d 491 (N.Y.App.Div.2000). Additionally, as a condition of reinstatement, respondent is required to demonstrate that he "possesses the requisite mental capacity to resume the practice of law." *Id.* The New York Court imposed this sanction after concluding that respondent violated six disciplinary rules in his representation of two related clients.[1] Specifically, the court found that respondent "made misrepresentations to a client regarding the status of a lawsuit and prepared documents and advanced funds in furtherance of the misrepresentations; that he engaged in a sexual relationship with the client during the course of the attorney-client relationship; that he prepared a will for the client designating himself as executor and guardian of the property of the client's infant son without making required disclosures regarding the potential conflict of interest; and that he neglected another client's criminal matter."

After Bar Counsel reported respondent's suspension to this court, we temporarily suspended respondent on January 31, 2001, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("the Board"). The Board has filed its report and recommends that we impose identical reciprocal discipline. Bar Counsel has in-

---

**1.** The court found that respondent (1) engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, (2) engaged in conduct prejudicial to the administration of justice, (3) engaged in conduct that adversely reflects on his fitness as a lawyer, (4) continued representation despite a conflict of interest, (5) advanced financial assistance to a client, and (6) neglected a legal matter.

formed the court that she takes no exception to the Board's report and recommendation. Respondent did not participate in the proceedings before the Board and has not filed any opposition to the Board's report and recommendation.

As the Board notes, this jurisdiction does not have a counterpart to the New York disciplinary rule forbidding conduct that adversely reflects on one's fitness to practice law.[2] Nonetheless, the record supports the Board's conclusion that respondent's misconduct violates at least five of the District of Columbia Rules of Professional Responsibility and warrants a one-year suspension with a fitness requirement.

Given our limited scope of review and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Goldsborough*, 654 A.2d 1285 (D.C.1995); *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992); D.C. Bar R. XI, § 11(f). Accordingly, it is

ORDERED that Domenic Alongi is suspended from the practice of law in the District of Columbia for the period of one year. For the purpose of seeking reinstatement to the Bar, the period of suspension shall not be deemed to begin until respondent files a sufficient affidavit pursuant to D.C. Bar R. XI, § 14(g). *See* D.C. Bar R. XI, § 16(c). Additionally, reinstatement shall be conditioned on proof of fitness to practice law in the District of Columbia, including proof of mental fitness.

*So ordered.*

---

**2.** *But see* Rule 8.4(b), declaring it to be professional misconduct for a lawyer to "[c]ommit a *criminal* act that reflects adversely on the lawyer's … fitness as a lawyer" (emphasis added).