**In re John R. FUCHS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 04–BG–882.**

District of Columbia Court of Appeals.

Submitted April 26, 2006.

Decided July 27, 2006.

---

John R. Fuchs filed a brief pro se.

Wallace E. Shipp, Jr., Bar Counsel, with whom Catherine L. Kello, Assistant Bar Counsel, was on the brief for the Office of Bar Counsel.

Before RUIZ and FISHER, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent, John R. Fuchs, the Board on Professional Responsibility has recommended that identical reciprocal discipline, specifically one-year suspension, stayed for two years of unsupervised probation, be imposed. Respondent objects and argues, among other things, that it would be unjust to discipline him for acts done in excess of ten years ago in another jurisdiction and for which he has already fulfilled all of the terms and conditions of his probation imposed by the State Bar of California and his probation terminated as of July 18, 2003.

On March 16, 2001, the Supreme Court of California suspended the respondent for one year, stayed the suspension, and placed respondent on three years of probation[1] with certain conditions.[2] Respondent's probation was based on a stipulation to a violation of CAL. BUS. & PROF.CODE § 6068(c) (duty as an attorney "to counsel or maintain those actions, proceedings or defenses only as appear to him or her legal or just").[3] The reason for the delay of action in this jurisdiction is due to the respondent's failure to report the California discipline to the District of Columbia Bar Counsel ("Bar Counsel") in violation of D.C. Bar R. XI, § 11(b). Instead, Bar Counsel was notified of the California Order of Discipline from the American Bar Association's National Lawyers Regulatory Bank.

Upon receiving notice of the California discipline from Bar Counsel, the court directed the Board to recommend whether identical, greater or lesser · discipline should be imposed as reciprocal discipline or whether the Board instead elects to proceed *de novo*. (Order, *In re Fuchs*, D.C. Aug. 3, 2004). Respondent failed to respond in any way to the court's August 3, 2004 show cause order, the July 30, 2004 letter from the Board, or to Bar Counsel's statement filed on November 5, 2004. On April 27, 2005, the Board found that respondent's stipulation to a violation of CAL. BUS. & PROF.CODE § 6068(c) is analogous to a violation of D.C. R. Prof. Conduct 3.1, "a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good-faith argument for an extension, modification, or reversal of existing law." Thus, the Board recommends identical reciprocal discipline and that the court should order one year suspension, stayed in favor of two years of unsupervised probation subject to the conditions of probation imposed in California, and a requirement that respondent provide

---

1. This was later modified to two years on July 18, 2003.

2. Respondent was also ordered to pay restitution in the amount of $41,000.00 to Dr. Perillo or Mr. Whiteman, which was rescinded by court order dated July 18, 2003; pay $1,000.00 to the Orange County Superior Court which respondent claims was paid on November 20, 2001; pay $1,000.00 to the State Bar's Client Security Fund which respondent claims was paid on July 10, 2002.

Respondent was also ordered to take and pass the MPRE which he claims he did in March 2002, and respondent was to attend and pass the State Bar Ethics School, which he claims he completed in April 2002.

3. Respondent's violation of this provision arose out of filing a civil claim against a former client after signing a settlement and release agreement releasing the former client from claims which formed the basis for the suit.

proof that he has complied with the probation conditions imposed in California.[4]

On July 12, 2005, respondent filed his exception to the Report and Recommendation of the Board, specifically arguing that the imposition of the same discipline by the court would result in grave injustice pursuant to D.C. Bar R. XI, § 11(c)(3). In both his brief and reply, respondent is attempting to relitigate the disciplinary proceedings in California where he did not contest the charges. Moreover, respondent's main contention is that because he has fulfilled all the conditions of his probation in California and the probationary period imposed there has ended, he should not be disciplined in the District of Columbia. However, respondent fails to acknowledge that the delay in the disciplinary proceedings in this jurisdiction was due to respondent's own failure to notify Bar Counsel as required by Rule XI, § 11(b).

Rule XI, § 11(c) establishes the standards for reciprocal discipline and provides as follows:

> Reciprocal discipline shall be imposed unless the attorney demonstrates, by clear and convincing evidence, that:
>
> (1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or
>
> (3) The imposition of the same discipline by the Court would result in grave injustice; or

> (4) The misconduct established warrants substantially different discipline in the District of Columbia; or
>
> (5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

D.C. Bar R. XI, § 11(c).

■■■ Here, respondent failed to respond to the show cause order and instead waited until the Board issued its Report before arguing to this court that it should not impose any reciprocal discipline. It is well-settled in the District of Columbia that he has waived his right to do so by his failure to raise the issue before the Board. *In re Demos*, 875 A.2d 636, 640 (D.C.2005) (citing *In re Harper*, 785 A.2d 311, 316 (D.C.2001)); *see also In re Spann*, 711 A.2d 1262, 1263 (D.C.1998) (by failing to take part in the proceedings before the Board, respondent "waived his right to show cause why he should not be subject to identical discipline"); *In re Sheridan*, 680 A.2d 439, 440 (D.C.1996) (same); *In re Aldridge*, 664 A.2d 354, 355 (D.C.1995) ("by even failing to respond to this court's order to show cause why reciprocal discipline should not be imposed, [respondent] has effectively defaulted on the issue of whether such cause exists"); *In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995) (respondent's silence deemed to be an admission of liability and a concession that the imposition of reciprocal discipline was warranted). Therefore, the most the Board should consider itself obligated to do in cases where neither Bar Counsel nor the attorney opposes imposition of identical discipline is to review the foreign proceedings sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would

---

4. All members of the Board concur in the report and recommendation except Dr. Payne and Ms. Coghill–Howard.

rarely, if ever, present itself. *Spann, supra,* 711 A.2d at 1265.

■ This court presumptively imposes identical reciprocal discipline, unless the attorney demonstrates by clear and convincing evidence that the case falls within one of five specified exceptions articulated by Rule XI, § 11(c). *In re Zdravkovich,* 831 A.2d 964, 968 (D.C.2003); *In re Gardner,* 650 A.2d 693, 695 (D.C.1994); *In re Zilberberg,* 612 A.2d 832, 834–35 (D.C. 1992). Underlying this strict standard in reciprocal bar disciplinary cases is not only the notion that another jurisdiction has already afforded the attorney a full disciplinary proceeding, but also the idea that there is merit in according deference, for its own sake, to the actions of another jurisdiction with respect to the attorneys over whom we share supervisory authority. *Zdravkovich, supra,* 831 A.2d at 969; *In re Velasquez,* 507 A.2d 145, 147 (D.C.1986); *see also In re Childress,* 811 A.2d 805, 807 (D.C.2002).

■ Contrary to respondent's contentions, this standard in reciprocal bar disciplinary proceedings comports with constitutional due process requirements because the respondent had the right to an evidentiary hearing when he agreed to enter the stipulation. *See In re Richardson,* 692 A.2d 427, 434 (D.C.1997). Respondent also spends considerable time arguing the merits of the underlying misconduct and the conditions under which he entered the plea agreement. However, reciprocal disciplinary proceedings are not a forum to reargue the foreign discipline. *See Zdravkovich, supra,* 831 A.2d at 969 (respondent not entitled to relitigate or collaterally attack the findings or judgment of a foreign jurisdiction).

■ The only other contention this court will consider is respondent's argument, pursuant to Rule XI, § 11(c)(3), that he will suffer grave injustice should the court impose identical discipline. This argument is largely meritless as respondent argues grave injustice and then stipulates that he has never practiced in the District of Columbia, has no relationship with any counsel in the District of Columbia, has no clients or office in the District of Columbia and has no plans to practice law in the District of Columbia. Respondent contends that the only benefit he has derived from his membership in the District of Columbia Bar is that he is able to list his admission on his firm's letterhead and business cards. Respondent concludes by threatening to resign his membership in the District of Columbia Bar should this court impose reciprocal discipline. It is

ORDERED that respondent, John R. Fuchs, be suspended from the practice of law in the District of Columbia for a period of one year, and that suspension be stayed, and respondent be placed on unsupervised probation for a period of two years. Respondent is hereby required to submit proof that he has complied with all of the conditions of probation imposed by the State Bar of California.

*So ordered.*