**In the Matter of John R. FUCHS, Esquire,**

**A Member of the Bar of the District of Columbia Court of Appeals Bar Registration No. 411506.**

**No. 08–BG–9.**

District of Columbia Court of Appeals.

Sept. 25, 2008.

Before FISHER, Associate Judge, PRYOR and KING, Senior Judges.

## *ORDER*

PER CURIAM.

On further consideration of the certified copy of the order issued by the Supreme Court of California suspending respondent by stipulation, *see In re John Fuchs,* State Bar Court Case no. 02–O–15454 (CA May 4, 2006) (en banc), this court's January 25, 2008, order suspending respondent from the practice of law pending final disposition by this court, the July 29, 2008, Report and Recommendation of the Board on Professional Responsibility recommending the two year suspension of respondent, stayed to all but the first six months, placing respondent on probation for three years subject to the conditions imposed by the California court, except for reimbursement of costs, as identical reciprocal discipline to his stipulated California suspension, there appearing to be no exceptions or oppositions to the recommendation, and it further appearing that respondent has failed to file the affidavit required by D.C. Bar R. XI, § 14(g), or to comply with this court's requirements previously imposed in *In re Fuchs,* 905 A.2d 160 (D.C.2006), it is

ORDERED that John R. Fuchs is hereby suspended from the practice of law in the District of Columbia for two years, stayed as to all but the first six months; respondent shall remain on probation for three years, subject to the conditions imposed by the California Supreme Court however, for purposes of reinstatement, this period will not commence to run until such time as respondent files an affidavit that fully complies with the requirements of D.C.Bar. R. XI, § 14(g) and complies with the requirements imposed in *In re Fuchs,* 905 A.2d 160 (D.C.2006). *See In re Hager,* 812 A.2d 904 (D.C.2002) (Conflict of interest stemming from failure to seek client's consent and attorney's personal gain warranted one year suspension); *In re Alongi,* 794 A.2d 605 (D.C.2002) (Conflict of interest violation in another jurisdiction is sufficient to impose reciprocal discipline in the District); *In re Sumner,* 762 A.2d 528 (D.C.2000) (In uncontested reciprocal discipline cases, absent a finding of grave injustice, this court will impose identical reciprocal discipline).