**In re Bada Phu NGUYEN, Respondent. Bar Registration No. 462080.**

**No. 09–BG–344.**

District of Columbia Court of Appeals.

July 16, 2009.

Before RUIZ and GLICKMAN, Associate Judges, and TERRY, Senior Judge.

### O R D E R

PER CURIAM.

On further consideration of the certified copy of the Virginia State Disciplinary Board's order accepting respondent's consent to the revocation of his license to practice law, this court's May 11, 2009, order directing respondent to show cause why identical discipline should not be imposed, his response thereto, and the Statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that Bada Phu Nguyen is hereby disbarred. Although respondent filed a response to this court's order to show cause, his response failed to establish the existence of any exceptions under D.C. Bar. R. XI, § 11(c). Nor may respondent re-litigate the factual basis for his discipline in another jurisdiction. *In re Fuchs,* 905 A.2d 160 (D.C.2006). Finally, respondent's misappropriation in Virginia would also constitute misconduct in this jurisdiction, *see* D.C. R. Prof. Cond. 1.15(a), disbarment here is the functional equivalent of revocation in Virginia, *In re Laibstain,* 841 A.2d 1259, 1264 (D.C.2004), and disbarment is within the range of sanctions we impose for misappropriation. *In re Addams,* 579 A.2d 190, 191 (D.C.1990) (en banc). It is

FURTHER ORDERED that for purposes of reinstatement respondent's disbarment will not begin to run until he files an affidavit that fully complies with the requirements of D.C. Bar. R. XI, § 14(g).