*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

### DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 23-BG-0958**

IN RE ANGELIQUE LAYTON,

**DDN:** 2023-D103

An Administratively Suspended Member
of the Bar of the District of Columbia Court of Appeals

**Bar Registration No. 427713**

BEFORE: Deahl and Shanker, Associate Judges, and Fisher, Senior Judge.

### O R D E R
(FILED— February 1, 2024)

On consideration of the certified orders from the state of Colorado suspending respondent from the practice of law for three years with a fitness requirement and disbarring respondent from the practice of law; this court's November 27, 2023, order maintaining respondent's suspension pending final disposition of this proceeding and directing her to show cause why reciprocal discipline should not be imposed; respondent's motion for an extension of time to file her lodged response; and the statement of Disciplinary Counsel including a request for reinstatement to be conditioned upon respondent's reinstatement in Colorado; and it appearing that respondent has not objected to that condition of reinstatement or filed her D.C. Bar R. XI, § 14(g) affidavit with this court, it is

ORDERED that respondent's motion for an extension of time is granted and the lodged response is filed. It is

FURTHER ORDERED that Angelique Layton is hereby disbarred from the practice of law in the District of Columbia with reinstatement conditioned upon her reinstatement in Colorado. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare). Although respondent contends that we should conduct our own review of the facts, "reciprocal discipline proceedings are not a forum to reargue the foreign discipline." *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003). Further, the New Jersey discipline related only to

the 2021 suspension, respondent had notice and an opportunity to be heard in the Colorado proceedings, she has not provided evidence that her appeal is still pending or that the disciplinary decision has been stayed, and her lack of connection to law practice in the District does not implicate any of the exceptions that would prohibit reciprocal discipline. *See* D.C. Bar R. XI, § 11(c) ("[A] final determination by another disciplining court that an attorney has been guilty of professional misconduct shall conclusively establish the misconduct for the purpose of a reciprocal disciplinary proceeding in this Court."); D.C. Bar R. XI, § 11(c)(1) (stating that reciprocal discipline should not be imposed where a deprivation of due process occurred due to a lack of notice or opportunity to be heard); *cf. In re Fuchs*, 905 A.2d 160, 164 (D.C. 2006) (rejecting an assertion that reciprocal discipline would constitute grave injustice as meritless where the attorney had never practiced in the District of Columbia, had no relationship with counsel in the District of Columbia, had no clients or office in the District of Columbia, and had no plans to practice law in the District of Columbia). It is

FURTHER ORDERED that, for purposes of reinstatement, respondent's disbarment will not begin to run until such time as she files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).


**PER CURIAM**